Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Larry Miles Brown, Appellee.

Argued June 9, 1977, before Judges CRUMLISH, JR., KRAMER and BLATT, sitting as a panel of three. Judge KRAMER did not participate in the decision.

*John L. Heaton,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for appellant.

*John R. Fernan,* for appellee.

OPINION BY JUDGE CRUMLISH, JR., September 16, 1977:

Larry Miles Brown (Appellee) was arrested on March 4, 1974, and again on March 8, 1974, for driving while his license was under suspension. A second violation of driving while under suspension is punishable as a misdemeanor by Section 624 of the Act of April 29, 1959, P.L. 58, *as amended,* 75 P.S. §624 (Act). A first offense is treated as a summary violation. On July 17, 1974, the Department of Transportation, Bureau of Traffic Safety (Appellant) suspended his license for a further period of one year pursuant to Section 618(a)(2) of the Act, 75 P.S. §618(a)(2), which permits the Bureau of Traffic Safety to suspend the license of any person who "has been convicted of a misdemeanor . . . in the commission of which a motor vehicle or tractor was used."

Appellee then appealed this suspension to the court of common pleas.[1] The only legal argument he raised

---

[1] Appellant also argues that this appeal was untimely because 33 days elapsed between the date of the notice of suspension and the taking of the appeal. The statute of limitations allows only 30 days for appeal. It is well settled that the time to appeal begins to run

was that he had not received proper written notice of the prior underlying suspension, the multiple violations of which provided the basis for the instant suspension. This contention was rebutted by Appellant who showed that Appellee necessarily received notice since he complied with the terms of the prior suspension by returning his license to Appellant as required.

Nevertheless, the court below, *on its own initiative*, examined the files in the office of the District Attorney relating to the March 8 misdemeanor conviction and, finding therein no record of the March 4 conviction, concluded on that basis that the misdemeanor conviction was improper and that the conviction of March 8 should have been a first or summary offense, rather than a second misdemeanor offense. It therefore changed Appellee's pleas in the March 8 conviction from guilty of a second offense to "guilty of a first offense — a summary." However, the records of the first offense, being a summary violation and not a misdemeanor, were kept by the local magistrate and the Bureau of Traffic Safety, not by the District Attorney. Furthermore, the court made that finding despite the fact that Appellee never questioned the propriety of his misdemeanor conviction and there was no evidence on the record to support its finding. If the March 8 conviction had been attacked by Appellee, Appellant would have produced proof of the March 4 conviction, but the unusual procedure of the court below denied it any such opportunity.

Moreover, Appellee could not have raised this issue before the court of common pleas, as a criminal con-

---

upon the mailing of the notice *(See Bureau of Traffic Safety v. Forte*, 29 Pa. Commonwealth Ct. 415, 371 A.2d 526 (1977), but there is nothing in the record to indicate that the date of mailing coincides with the date on the face of the notice.

viction may not be attacked later in a suspension appeal, which is civil in nature. "To allow him to collaterally attack the validity of the conviction in a later civil proceeding was clearly in error." *Commonwealth v. James,* 6 Pa. Commonwealth Ct. 493, 497, 296 A.2d 530, 532 (1972); *Commonwealth v. Lamb,* 12 Pa. Commonwealth Ct. 508, 510-11, 316 A.2d 148, 149 (1974). The court's action surely represented an error of law.

"On examination of the record below, the action of the lower court will not be disturbed unless its findings are not supported by competent evidence or the lower court made erroneous conclusions of law or its decision exhibits manifest abuse of discretion." *Bureau of Traffic Safety v. Drugotch,* 9 Pa. Commonwealth Ct. 460, 461-62, 308 A.2d 183, 184 (1973). It is abundantly clear that the decision below was not supported by any evidence submitted before it and that its actions were thus a manifest abuse of discretion and an error of law. Therefore, we reverse.

Accordingly, we

ORDER

AND Now, this 16th day of September, 1977, the decision of the Court of Common Pleas of Elk County is reversed and the order of the Bureau of Traffic Safety suspending the license of Larry Miles Brown for a period of one year is reinstated.

Judge KRAMER did not participate in the decision in this case. *See* Pa. R.A.P. 3102(d).