Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* William Lea, Appellee.

Argued February 3, 1978, before Judges ROGERS, BLATT and DISALLE, sitting as a panel of three.

*John L. Heaton,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for appellant.

No appearance for appellee.

PER CURIAM OPINION, March 21, 1978:

This is an appeal by the Commonwealth from an order of the Court of Common Pleas of Westmoreland County setting aside the revocation of the operating privileges of William Lea (Appellee).[1]

On November 7, 1975, the Appellee entered a plea of guilty to a charge of operating a motor vehicle while under the influence of intoxicating liquor. On November 10, 1975, the Clerk of Courts of Westmoreland County certified Appellee's conviction to the Department of Transportation, and the Department received the certification on November 19, 1975. On February 9, 1976, the Department issued a one year revocation of Appellee's operating privileges effective March 15, 1976, pursuant to Section 616(a)(1) of the Vehicle Code, Act of April 29, 1959, P.L. 58, *as amended,* 75 P.S. §616(a)(1), repealed by the Act of June 17, 1976, P.L. 162.

Appellee appealed the revocation to the Court of Common Pleas of Westmoreland County. On January 6, 1977, the Court handed down an opinion and order sustaining the appeal on the ground that the Appellee had not been advised at the time of entry of his guilty plea that his operating privileges would be revoked for one year, and, further, that the lapse of three months between the date of his conviction and the date on which he received notice of his revocation was an unreasonable delay prejudicial to him. We reverse.

With respect to the issue of unreasonable delay, Appellee makes the novel argument that since he was not advised at the time of his guilty plea that his operating privileges were subject to revocation, the Department should have issued its revocation notice

---

[1] Appellee did not submit a brief in this case, neither did he nor anyone on his behalf appear for oral argument.

within thirty days of his conviction, so that he could have availed himself of his right to appeal. The lower court agreed and found that the department had prejudiced the Appellee by not so notifying him.

While it is true that Section 616(a) of the Vehicle Code requires the department to act "forthwith" upon receipt of the report of conviction, this requirement has never been construed to fix an arbitrary time limit such as is suggested here.[2] To the contrary, it has been held that absent a showing of prejudice, the mere passage of time between defendant's conviction and the suspension of his operating privileges is not sufficient justification to set aside the action of the secretary. *Criswell Motor Vehicle Operator License Case,* 219 Pa. Superior Ct. 170, 208 A.2d 553 (1971). *Heller Motor Vehicle Operator License Case,* 196 Pa. Superior Ct. 340, 175 A.2d 305 (1961). In *Kowell Motor Vehicle Registration Case,* 209 Pa. Superior Ct. 386, 228 A.2d 50 (1967), the Court held that compliance within a reasonable time is sufficient to maintain the secretary's right to suspend. Clearly, the "forthwith" requirement in Section 616(a) is directory only, and compliance within a reasonable time is all that is required.

Appellee's attempt to attack his conviction on the ground that he was not advised of the possible revocation of his license must also fail. It is clear that our review, and by the same token, the review of the lower court, is limited to the order of revocation and not of the criminal conviction which prompted the revocation. *Martz v. Department of Transportation, Bureau of Traffic Safety,* 24 Pa. Commonwealth Ct. 26, 354 A.2d 266 (1976). In *Virnelson Motor Vehicle*

---

[2] We note that Section 616(a)(1) now appears as §1532 in the Vehicle Code of 1976, 75 Pa. C.S. §1532, effective July 1, 1977, and that the word "forthwith" has been deleted from the reenactment.

*Operator License Case,* 212 Pa. Superior Ct. 359, 368, 243 A.2d 464, 469 (1968), the Superior Court said ''(the licensee) may not go into the facts of his violation or mitigating circumstances thereof, because the issue is whether he was convicted and not whether he should have been convicted.'' More recently, in *Department of Transportation, Bureau of Traffic Safety v. Brown,* 31 Pa. Commonwealth Ct. 620, 622-23, 377 A.2d 1027, 1029 (1977), we said, ''. . . a criminal conviction may not be attacked later in a suspension appeal, which is civil in nature.''

As we view it, an appeal from suspension or revocation of an operator's license being civil in nature, a reviewing court may not consider any claimed procedural defects or errors in the criminal proceeding which formed the basis for the suspension or revocation. Accordingly, the order of the lower court is reversed and the revocation issued by the Department of Transportation is hereby reinstated.

PER CURIAM ORDER

AND Now, this 21st day of March, 1978, the order of the Court of Common Pleas of Westmoreland County is reversed and the revocation of the operating privileges of William Lea for a period of one year issued by the Department of Transportation is hereby reinstated.