Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Preston Grobes, Appellee.

Argued June 4, 1979, before Judges CRUMLISH, JR., BLATT and DiSALLE, sitting as a panel of three.

*Harold H. Cramer,* Assistant Attorney General, with him *Bradley L. Mallory,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Gerald Gornish,* Acting Attorney General, for appellant.

*F. L. Guiliano,* for appellee.

OPINION BY JUDGE DiSALLE, August 17, 1979:

The Department of Transportation, Bureau of Traffic Safety (Bureau), has appealed the order of

the Court of Common Pleas of Delaware County which reversed the Bureau's suspension of Preston Grobes' driving privileges pursuant to Section 1538(d) of The Vehicle Code, 75 Pa. C.S. §1538(d).

On October 4, 1976, Grobes was stopped by state police officers and cited for driving 86 miles per hour in a 55 mile per hour zone. On November 1, 1976, Grobes paid the fines and costs for the offense, thus, in effect, pleading guilty to the offense. On February 16, 1977, the Bureau notified Grobes that he was required to attend a hearing on March 7, 1977. As a result of this hearing, Grobes was notified on May 25, 1977, that his driving privileges were being suspended for a period of 15 days, effective April 29, 1977.

On appeal to the lower court, Grobes argued that he did not understand that his payment of the fines and costs constituted a plea of guilty. He contends that the local magistrate led him to believe that he could pay the fine and costs and still reserve his right to a hearing on the issue of his ultimate guilt or innocence. The lower court sustained his appeal and reversed the Bureau's action concluding that since Grobes did not understand that the payment of fines and costs constituted a guilty plea the criminal conviction could not stand, and that administrative action based on an invalid conviction was similarly improper. The lower court ruled that the Bureau had the burden of proving that the traffic citation Grobes actually received notified him that the payment of fine and costs would have the effect of a conviction; and that the Bureau did not meet this burden.

The Bureau argues on appeal that Grobes should not be permitted to collaterally attack a conviction of a Vehicle Code Violation in an administrative proceeding. Rather, any challenge should be mounted directly against the conviction itself. Further, the Bureau contends that a court reviewing administrative

action in matters such as that presently before our Court should limit its inquiry to determining the propriety of the administrative action. We agree. In the present case, then, our inquiry should be limited to determining whether Grobes *has*, in fact, been convicted of a traffic violation and whether the Bureau has faithfully observed the provisions of The Vehicle Code in suspending Grobes' driving privileges. We may not consider the question of whether Grobes *should have* been convicted.

We believe the lower court here acted improperly in reversing the action of the Bureau and that the Bureau's action suspending Grobes' driving privileges for a period of 15 days was proper. In reaching this conclusion, we believe our discussion of the matter in *Department of Transportation, Bureau of Traffic Safety v. Lea,* 34 Pa. Commonwealth Ct. 310, 384 A. 2d 269 (1978), is dispositive.

> Appellee's attempt to attack his conviction on the ground that he was not advised of the possible revocation of his license must also fail. It is clear that our review, and by the same token, the review of the lower court, is limited to the order of revocation and not of the criminal conviction which prompted the revocation. Martz v. Department of Transportation, Bureau of Traffic Safety, 24 Pa. Commonwealth Ct. 26, 354 A.2d 266 (1976). In Virnelson Motor Vehicle Operator License Case, 212 Pa. Superior Ct. 359, 368, 243 A.2d 464, 469 (1968), the Superior Court said '(the licensee) may not go into the facts of his violation or mitigating circumstances thereof, because the issue is whether he was convicted and not whether he should have been convicted.' More recently, in Department of Transportation, Bureau of Traffic Safety v. Brown, 31 Pa. Commonwealth Ct. 620,

622-23, 377 A.2d 1027, 1029 (1977), we said, '. . . a criminal conviction may not be attacked later in a suspension appeal, which is civil in nature.'

As we view it, an appeal from suspension or revocation of an operator's license being civil in nature, a reviewing court may not consider any claimed procedural defects or errors in the criminal proceeding which formed the basis for the suspension or revocation.

*Id.* at 312-13, 384 A.2d at 271. Accordingly, the lower court erred in determining that Grobes was not properly convicted of a traffic offense. The lower court's order shall be reversed and the suspension issued by the Bureau is hereby reinstated.

### Order

And Now, this 17th day of August, 1979, the order of the Court of Common Pleas of Delaware County dated October 27, 1977, is reversed and the suspension of the operating privileges of Preston Grobes for a period of fifteen days issued by the Department of Transportation, Bureau of Traffic Safety, is hereby reinstated.