## Commonwealth v. McHenry

*John J. Kennedy,* for plaintiff.
*Thomas J. Graham,* for defendant.

STAISEY, *J.,* April 14, 1980—Richard A. McHenry appeals to this court pursuant to Section 1550(a) of the "Vehicle Code," Act of June 17, 1976, P.L. 162, 75 Pa.C.S.A. Section 1550(a) from the

official notice of the Commonwealth of Pennsylvania Bureau of Traffic Safety, dated July 9, 1979, revoking his operating privileges for a period of one (1) year as a result of his alleged conviction on April 2, 1979, of violating Section 1543 (driving while operating privilege is suspended or revoked) of the Vehicle Code. We affirm the suspension.

The sole and very narrow issue raised by McHenry in this appeal is whether the instant suspension is barred by the statute of limitations as set forth at Section 5553 of the Judicial Code, Act of July 9, 1976, P.L. 586, eff. June 27, 1978, 42 Pa.C.S.A. §5553. In relevant part Section 5553 provides as follows:

Sec. 5553. Summary offenses involving vehicles.

(a) General rule—Except as provided in subsection (b) or (c), proceedings for summary offenses under Title 75 (relating to vehicles) shall be instituted within 30 days after the commission of the alleged offense or within 30 days after the discovery of the commission of offense or the identity of the offender, whichever is later, and not thereafter.

• • •

(e) Disposition of proceedings within two years. No proceeding shall be held or action taken pursuant to a summary offense under Title 75 subsequent to two years after the commission of the offense.

A review of the relevant facts of the instant controversy establishes strict compliance by the Commonwealth with the above quoted section. McHenry was arrested on September 14, 1976, and charged with violating Section 1543 of the Vehicle Code. The matter was adjudicated the same date by the appropriate district magistrate and McHenry was found guilty and fined and costs of $210 were

imposed upon him. Thereafter, McHenry entered into an installment payment plan with the district magistrate whereby 25 separate periodic payments were tendered by McHenry, commencing October 21, 1976, until the final payment of April 2, 1979. After collection of the final payment the issuing authority proceeded to forward the entire fine and notice of conviction to the Bureau of Traffic Safety.

Based upon these facts, the court is unable to find any basis for application of the two-year statute of limitation set forth at Section 5553(e). The matter was adjudicated in a proceeding held *the same day* as the offense charged. Moreover, the court is unable to conclude that Section 5553 was intended to apply to operator license suspension or revocation proceedings such as the case at hand. The scope of this court's review in such matters is a very narrow one. As indicated by the recent decision of our Commonwealth Court in Com. Dept. of Transportation v. Grobes, 45 Pa. Commonwealth Ct. 151, 405 A. 2d 588 (1979) the scope of this court's inquiry is limited to determining whether McHenry has, in fact, been convicted of a traffic violation and whether the bureau has faithfully observed the provisions of the vehicle code in suspending or revoking his driving privileges.

In the present action, the bureau forwarded McHenry notice of the revocation of his operating privileges on July 9, 1979, less than four (4) months following its receipt of a certified record of McHenry's conviction pursuant to Section 1532 of the Vehicle Code, 75 Pa.C.S.A. §1532; clearly within a reasonable period of time by any standard. Moreover, even if we were to assume that the bureau's clock began to run from the date of the magistrate's hearing on September 14, 1976, and not from the date of the bureau's receipt of the

notice of conviction as clearly mandated by Section 1532 of the Vehicle Code, the law is well established that "the mere passage of time between conviction of a violation of the Code and the revocation of the driver's operating privileges is insufficient by itself to set aside the revocation. In addition, the driver must show that he was prejudiced by relying on the Department's failure to act." Com. Dept. of Transportation v. Keller, 48 Pa. Commonwealth 457, 410 A. 2d 1288 (No. 1782 C.D. 1978) (filed Jan. 11, 1980). The present record is devoid of any such showing of prejudice. Consequently the appeal is dismissed and an appropriate order has been entered.

### ORDER

And now, April 14, 1980, the above appeal having come on for hearing, on March 4, 1980 upon consideration thereof, it is hereby ordered that the appeal of defendant is dismissed.