## Commonwealth v. Auman

*Joseph F. Lynch, Deputy Attorney General,* for Commonwealth.

*Blaine DeSantis,* for appellant.

EDENHARTER, *J.,* April 15, 1980—The Commonwealth Department of Transportation, Bureau of Traffic Safety (Bureau) revoked the operating privileges of Jeffrey G. Auman for a period of five years as a result of his conviction of three desig-

nated violations of the Vehicle Code.[1] The basis for said revocation was that appellant was a "habitual offender" as defined by section 1542 of the Code. In his appeal to this court, appellant maintained that he was not an habitual offender within the meaning of the Code because the three violations occurred in one short, uninterrupted episode. Following a hearing, we sustained the appeal. The Bureau has appealed this determination. The pertinent facts dealing with the said violations are as follows.

At approximately 6:30 a.m. on May 27, 1979, appellant was driving an automobile west on Route 422. In the Borough of Sinking Spring, appellant was involved in an accident with an oncoming automobile. Appellant continued west on Route 422 toward his home in Wyomissing, and was involved in another accident with a second attended vehicle approximately two blocks from the location of the first accident. These incidents occurred within a period of five to seven minutes over a distance of approximately one-half mile. Appellant was continuously operating his vehicle during the entire episode.

Appellant was charged with two summary violations of section 3743 of the Code (accidents involving damage to attended vehicle or property). In addition, arising from his aforesaid operation of his vehicle, he was charged with the third degree misdemeanor of driving under the influence of alcohol (section 3731 of the Code). He pleaded guilty and

---

1. Vehicle Code, 75 Pa.C.S.A. §101 et seq. One conviction was for driving under the influence of alcohol (section 3731 of the Code), and two convictions were for violating section 3743 of the Code (relating to accidents involving damage to attended vehicle or property).

was sentenced on these charges. In addition, for driving under the influence of alcohol, he received from the Bureau a six month suspension of his operating privileges. Also, the Bureau suspended his operating privileges for an additional six month period as a result of one of the violations of section 3743 of the Code. The Bureau acted again on the remaining violation of section 3743 which resulted in a consecutive imposition of a five year revocation on the basis of his being a "habitual offender." Appellant had no other violations of the Vehicle Code prior to May 27, 1979 or thereafter.

In an appeal from a license revocation, a reviewing court will not consider alleged irregularities in the convictions which form the basis for the revocation. Our review is limited to determining the validity of the revocation itself: Com. v. Grobes, 45 Pa. Commonwealth Ct. 151, 405 A. 2d 588 (1979); Department of Transportation, Bureau of Traffic Safety v. Lea, 34 Pa. Commonwealth Ct. 310, 384 A. 2d 269 (1978).

Appellant did not contest the aforesaid suspensions which were imposed. However, he does contest the five year revocation on the ground that he should not be classified as a "habitual offender." Section 1542 of the Code provides, in pertinent part, as follows:

"Revocation of habitual offender's license

"(a) General rule.—The department shall revoke the operating privilege of any person found to be a habitual offender pursuant to the provisions of this section. A 'habitual offender' shall be any person whose driving record, as maintained in the department, shows that such person has accumulated the requisite number of convictions for the separate and distinct offenses described and

enumerated in subsection (b) committed after the effective date of this title and within any period of five years thereafter.

"(b) Offenses enumerated.—Three convictions *arising from separate acts* of any one or more of the following offenses committed either singularly or in combination by any person shall result in such person being designated as a habitual offender:

"(1) Any offense set forth in section 1532 (relating to revocation or suspension of operating privilege).[2] . . .

"(d) Period of revocation.—The operating privilege of any person found to be a habitual offender under the provisions of this section shall be revoked by the department for a period of five years." (Emphasis supplied.)

The Bureau argues that because appellant was convicted of three of the enumerated offenses, ipso facto appellant is a habitual offender. The Bureau's interpretation of the statute flies in the face of common understanding and the plain meaning of the statute.

Section 1542 appears to have no counterpart in the provisions of the prior Vehicle Code.[3] Counsel have cited no cases construing this section and our own research has uncovered no judicial interpretation of the language in question. We proceed upon accepted principles of statutory construction. The Statutory Construction Act, 1 Pa.C.S.A. §1501 et

2. Driving under the influence of alcohol and violation of section 3743 of the Code are among the offenses set forth in section 1532.

3. The Vehicle Code of April 29, 1959, P.L. 58, 75 P.S. §101 et seq. See House Journal, pp. 4118-4121, 4129-4130 (March 23, 1976).

seq., provides that words and phrases appearing in a statute shall be construed according to their common and approved usage: 1 Pa.C.S.A. §1903(a). Black's Law Dictionary (5th Ed. 1979) defines "habitual" as follows: "Customary, usual, of the nature of a habit." The word "habit" is defined as: "A disposition or condition of the body or mind acquired by custom or a usual repetition of the same act or function. . . . The customary conduct, to pursue which one has acquired a tendency, from frequent repetition of the same acts. . . . Course of behavior of a person regularly repeated in like circumstances." The type of episode involved in the present case hardly fits within the accepted meaning of the word "habitual." To conclude from this series of related events that it was appellant's customary conduct to commit violations of the Vehicle Code would be improper. The legislature adhered to the common understanding of the word "habitual" in its own definition of "habitual offender." Section 1542(b) mandates that the three convictions arise from "separate acts." Black's provides the following definition of the word "separate": "Individual; distinct; particular; disconnected." The acts committed were not disconnected but rather were melded into one episode.

The Statutory Construction Act provides that: "The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S.A. §1921(a). The object sought to be achieved by statutes dealing with habitual offenders is discussed in Am. Jur. 2d as follows: "The primary purpose of statutes authorizing additional punishment of a person convicted of a second or subsequent offense is to warn first offenders and thus deter their criminal

tendencies. Indeed such statutes are directed at persons who persist in criminality after once being convicted of an offense. A further purpose of such legislation is to promote justice and protect society by ridding communities of the depravity of unreformed criminals." 39 Am. Jur. 2d, Habitual Criminals and Subsequent Offenders, §3. In view of this purpose, "It is thus generally essential that the alleged conviction shall have preceded the date of the offense for which the increased punishment is sought to be imposed."[4] 39 Am. Jur. 2d, supra, §6.

Here, the purpose of the statute would not be furthered by subjecting appellant to the extraordinary punishment reserved for the unreformed offender. Appellant, having committed no previous offenses prior to May 27, 1979 or thereafter, was not guilty of the type of conduct which the statute was designed to deter. As stated in Com. v. Calio, supra: "We think that it is clear that the purpose of a legislative provision increasing the severity of punishment for repeated offenders is to allow convicted persons an opportunity for reform, but to temper the leniency with a promise of sterner treatment in the event that the milder forms of reproof are not successful." 155 Pa. Superior Ct. at 359-360, 38 A. 2d at 352.

---

4. The courts of this Commonwealth have construed various "repeat offender" statutes in a similar manner. See, e.g., Com. v. Lane, 236 Pa. Superior Ct. 462, 345 A. 2d 233 (1975) (construing the Controlled Substance, Drug, Device and Cosmetic Act); Com. v. Calio, 155 Pa. Superior Ct. 355, 38 A. 2d 351 (1944) (construing a statute establishing purity and quality standards for the manufacture and sale of ice cream and related products); and Com. ex rel. Turpack v. Ashe, 339 Pa. 403, 15 A. 2d 359 (1940) (construing the "habitual criminal" provisions of the Act of 1929).

Our interpretation of the statute does not depreciate the seriousness of appellant's misconduct. His guilty pleas and the sentences imposed thereon remain undisturbed. Furthermore, the suspensions are unaffected. However, the added five year revocation based upon his being a "habitual offender" was contrary to law, and his appeal was properly sustained.