## Commonwealth v. McNany

496

*Charles Donahue*, for Commonwealth.

*Thomas P. Fay*, for appellant.

PITT, *J.*, May 6, 1980—This is an appeal from the action of the Director of the Bureau of Traffic Safety, Department of Transportation suspending appellant's operating privilege pursuant to section 1532(b) of the Vehicle Code, 75 Pa. C. S. A. § 1532(b), for appellant's violation of section 3733 of the Vehicle Code, 75 Pa.C.S.A. § 3733.

At the hearing de novo held before the undersigned on April 17, 1980, the Commonwealth introduced into evidence the Department of Transportation's records attesting to appellant's conviction and the subsequent suspension of his operating privilege. The Commonwealth then rested. Appellant then took the stand and attempted to testify as to the circumstances underlying the alleged violation. The court sustained the Commonwealth's objection to this testimony as an attempt to collaterally attack the conviction.

Appellant now maintains that this court's refusal to permit testimony as to the circumstances underlying appellant's conviction violated his due process rights under the United States and Pennsylvania Constitutions. In support of this contention, appellant relies upon the decision in Com. v. Quinlan, 47 Pa. Commonwealth Ct. 214, 408 A. 2d 173 (1979), wherein the court ruled that on appeal from a motor vehicle operator's license suspension for refusal to take a breathalyzer test in violation of 75 Pa.C.S.A. § 1547, the court must hear evidence upon, and reach the merits of, the suspension. Appellant argues that the rule of law set forth in Quinlan applies to all appeals from motor vehicle operator's license suspensions. For the reasons

hereinafter stated, we find appellant's argument to be without merit.

Suspension of motor vehicle licenses involves state action that adjudicates important interests of the licensee, and as such, the licensee is entitled to that procedural due process required by the Fourteenth Amendment: Bell v. Burson, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed. 2d 90 (1971). In Virnelson Motor Vehicle Operator License Case, 212 Pa. Superior Ct. 359, 243 A. 2d 464 (1968), the court held that procedural due process does not require that a licensee be afforded the opportunity on appeal to collaterally attack the conviction which provided the basis for his suspension because the issue on appeal is whether the licensee was convicted and not whether he should have been convicted.

The rule of law set forth in Virnelson was modified in Com. v. Quinlan, supra. In Quinlan, the licensee's operating privilege was suspended pursuant to section 1547 of the Vehicle Code for his refusal to submit to a breathalyzer test. The licensee then took an appeal under section 1550 of the Vehicle Code. The lower court construed section 1550 as limiting its inquiry to determining whether the licensee was in fact the person whose operating privilege was suspended and therefore refused to consider testimony as to the circumstances underlying the licensee's refusal to take the test. In holding that the lower court erred in refusing to consider such testimony, the court noted that section 1547 of the Vehicle Code provides for a summary suspension of the licensee's operating privilege upon his refusal to submit to a breathalyzer test and that the lower court's interpretation of section 1550 operated to deny the licensee any opportunity to be heard on the circumstances underlying his refusal

to submit to the test. Accordingly, the court ruled that due process required that the licensee be entitled to present evidence upon the merits of the suspension.

We do not believe that the procedural setting of the case sub judice requires an application of the rule of law set forth in Quinlan for we are not confronted here with an appeal from a *summary* suspension as was the court in Quinlan. Appellant herein, after notice of the right to hearing before a district justice of the peace, elected to plead guilty to the offense charged by paying the fine and costs. We believe that intervention by a judicial officer before whom appellant was afforded the opportunity to present testimony on the merits of the suspension satisfied the requirements of due process and distinguishes the present case from Quinlan. Accordingly, the testimony concerning the underlying circumstances of appellant's suspension was properly excluded under the authority of Virnelson, supra.

Appellant also contends that he was denied due process of the law in that he was not informed that payment of the fine and costs would result in the suspension of his operating privilege. This argument is without merit. See Com. v. Lea, 34 Pa. Commonwealth Ct. 310, 384 A. 2d 269 (1978); Com. v. Grobes, 45 Pa. Commonwealth Ct. 151, 405 A. 2d 588 (1979).

For the reasons hereinabove stated, we enter the following

## ORDER

And now, May 6, 1980, for the reasons hereinabove set forth, the appeal is denied and leave is granted to the Department of Transportation to reimpose the suspension.