Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Maryann Seiscio, Appellee.

Argued September 8, 1980, before President Judge CRUMLISH and Judges MACPHAIL and WILLIAMS, JR., sitting as a panel of three.

*Harold H. Cramer,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Edward G. Biester, Jr.,* Attorney General, for appellant.

No appearance for the appellee.

OPINION BY JUDGE WILLIAMS, JR., January 9, 1981:
On January 24, 1978, the Court of Common Pleas of Berks County sustained the appeal of Maryann Seiscio from the thirty-day suspension of her motor

vehicle operating privilege. From that order the Pennsylvania Department of Transportation, Bureau of Traffic Safety, has appealed to this Court.

On May 3, 1977, Maryann Seiscio was given a citation for violating Section 1018 of The Vehicle Code of 1959,[1] that is, for passing a school bus which had stopped to receive children. On June 15, 1977, Seiscio entered a plea of guilty before a district justice and paid the statutory fine and the costs.

By force of an implementing regulation authorized by Section 1535(e) of the Vehicle Code of 1976,[2] the Department of Transportation suspended Maryann Seiscio's license for thirty days.

The lower court sustained Seiscio's appeal on the strength of her assertion that she was not represented by counsel at the time of her guilty plea and was not aware that the conviction would result in suspension of her license. In sum, her appeal to the lower court was a collateral attack on her conviction by way of a contention that her guilty plea was not knowingly and intelligently entered. In sustaining her appeal on that ground the lower court clearly committed error.

In *Department of Transportation, Bureau of Traffic Safety v. Brown,* 31 Pa. Commonwealth Ct. 620, 377 A.2d 1027 (1977), this Court held that an underlying criminal conviction may not be attacked in a subsequent suspension appeal, which is civil in nature. For a lower court to sustain a suspension appeal based on such a challenge to the criminal conviction is clearly an error of law. *Id.* The issue is whether the licensee was convicted and not whether she *should* have been convicted. *Department of Transportation, Bureau of Traffic Safety v. Lea,* 34 Pa. Commonwealth Ct. 310, 384 A.2d 269 (1978).

---

[1] Act of April 29, 1959, P.L. 58, *as amended,* 75 P.S. §1018.

[2] Section 2(e) of the Act of June 17, 1976, P.L. 162, found in the Appendix to Title 75 of the Pennsylvania Consolidated Statutes.

For the reasons set forth in this opinion, we reverse the order of the court below and reinstate the suspension here in issue.

## ORDER

AND Now, the 9th day of January, 1981, the order of the Court of Common Pleas of Berks County, at No. 39 of January Term 1978, is reversed; and the suspension of the motor vehicle operating privilege of Maryann Seiscio is reinstated.

Judge MACPHAIL concurs in the result only.