## Commonwealth Dept. of Transportation v. Lambros

*Sandra L. Guydon,* assistant counsel for Commonwealth.
*Socrates Georgeadis,* for defendant.

WESNER, *P.J.,* October 20, 1982—This case came before the court on petitioner's appeal from the suspension of his motor vehicle operating privileges. After hearing held September 9, 1982, we make the following :

## FINDINGS OF FACT

1. Stephen Lambros, petitioner, is the owner of a Dodge sedan.

2. On April 13, 1982, Lambros' son (hereinafter son), was operating the Dodge sedan, even though his operating privileges had been previously suspended.

3. Son was apprehended by the police and charged with violation of Section 1543[1] of the Vehicle Code (driving while operating privilege is suspended or revoked).

---

1. 75 Pa.C.S.A. §1543(a).

4. On April 19, son entered a plea of guilty to this violation.

5. Lambros, as owner of the Dodge sedan son was driving, was charged with violation of Section 1575[2] of the Vehicle Code (permitting violation of title).

6. On April 21, Lambros entered a plea of guilty to a violation of Section 1575 and paid a fine of $200 plus costs.

7. On or about July 2, Lambros was notified by the Department of Transportation that his operating privileges were suspended for six months for violation of section 1543. This appeal followed:

## DISCUSSION

Two issues are presented here: (1) whether Lambros has been convicted of a traffic violation, and, if so, (2) whether the Department of Transportation faithfully observed the provisions of the Vehicle Code in suspending his driving privileges.

## CONVICTION

Lambros entered a plea of guilty to Section 1575 of the Motor Vehicle Code and paid a fine and costs. At the suspension hearing he testified that he didn't commit the offense, that he entered the guilty plea under duress,[3] that he didn't know, and wasn't advised, that his license would be suspended, and that he wouldn't have entered the plea if he had known the full consequences. In sum, Lambros' argument is a collateral attack on his conviction by way of a

2. 75 Pa.C.S.A. § 1575.

3. Lambros testified that the district justice told him that if he didn't plead guilty he (the district justice) would have no choice but to charge Lambros' son with car theft.

contention that his guilty plea was not knowingly and intelligently entered.

It has been firmly etablished that an underlying criminal conviction may not be attacked in a subsequent suspension appeal, which is civil in nature. The issue is whether the licensee *has,* in fact, been convicted, not whether he *should have* been convicted. Commonwealth of Pennsylvania, Department of Transportation v. Schmidt, 57 Pa. Commw. 318, 426 A.2d 1222 (1981); Commonwealth of Pennsylvania Department of Transportation, Bureau of Traffic Safety v. Seiscio, 56 Pa. Commw. 45, 424 A.2d 566 (1981); Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety v. Kintigh, 52 Pa. Commw. 12, 415 A.2d 436 (1980). Thus, on this issue petitioner's appeal must fail.

## SUSPENSION

Having determined that the petitioner was convicted of a traffic violation, we must now determine "whether the Bureau has faithfully observed the provisions of the Vehicle Code in suspending (his) driving privileges." Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety v. Grobes, 45 Pa. Commw. 151, 153, 305 A.2d 588, 589 (1979).

The citation issued to Lambros charged him with "Permitting Violation of Title," and described the nature of the offense as "did allow his son, James Lambros, to operate his motor vehicle while under suspension of driving privileges." The citation further stated that this offense was a violation of section 1575 of the Vehicle Code, section 1575 provides:

(a) General rule.—No person shall authorize or permit a motor vehicle owned by him or under his control to be driven in violation of any of the provisions of this title. 75 Pa.C.S.A. §1575(a).

(b) Penalty.—Any person violating the provisions of subsection (a) is guilty of the same offense as the driver of such vehicle and subject to the same penalties including any suspension or revocation of the operating privileges or the assessment of points. 75 Pa.C.S.A. 1575(b).

Lambros entered a guilty plea and paid a fine of $200 plus costs. On or about July 2, Lambros received notice from the Department that his operator's license was being revoked for six months as a result of his conviction for a violation of Section 1543 of the Vehicle Code.

Section 1543(a) provides: Offense defined.—Any person who drives a motor vehicle on any highway of this Commonwealth at a time when the operating privilege is suspended, revoked or recalled is guilty of a summary offense and shall, upon conviction, be sentenced to pay a fine of $200. 75 Pa.C.S.A. §1543(a).

Lambros contends that the Department erred in suspending his license for a conviction under Section 1543 because he was convicted of violating section 1575, and not section 1543. We agree.

Section 1543(b) provides, in pertinent part, that the Department, "upon receiving a certified record of the conviction of any person under this section . . . shall revoke such privilege for an additional period of six months." 75 Pa.C.S.A. §1543(b). In the instant case, however, the Department never received a certified record showing that Lambros had been convicted under section 1543. What it did receive was a certification of conviction under section 1575.

Accordingly, Lambros operator's license may not be revoked or suspended under section 1543(b) since he was never charged with this offense. This result may not be avoided on the grounds that arguably he could have been charged with a violation of Section 1543 under the authority of Section 1575(b). Smith v. Commonwealth of Pennsylvania, Department of Transportation __ Pa. Commw. __, 431 A.2d 401 (1981), citing Commonwealth v. Hoffman, 230 Pa. Super. 444, 331 A.2d 805 (1974) (a person cannot be convicted and sentenced for a crime of which he is not charged).

Additionally, assuming arguendo, that Lambros could have been charged with the offense defined by section 1543 (a) under the authority of section 1575(b) (in which case it is entirely possible that he would not have entered a guilty plea), we are not persuaded that section 1543(b), as follows, would be applicable.

(b) Extending existing suspension or revocation.—The department, upon receiving a certified record of the conviction of any person under this section upon a charge of driving a vehicle while the operating privilege was suspended, shall revoke such privilege for an additional period of six months. . . . 75 Pa.C.S.A. §1543(b).

The key words for our consideration are "extending existing suspension" and "an additional period." We find the inclusion of these words in the statute is indicative of the Legislative intent to impose a sanction on repeat offenders of the Vehicle Code. To find otherwise is to find these words unnecessary and meaningless.

Lambros testified at the hearing that he had no prior offenses under the Vehicle Code and, thus, no prior suspension. No evidence was presented to the contrary. We do not believe it is possible to *extend* or

impose an *additional* suspension where an initial suspension never existed.

## CONCLUSIONS OF LAW

1. Petitioner was convicted of violation of section 1575 of the Motor Vehicle Code.

2. The Bureau improperly suspended petitioner's driving privilege.

## ORDER

And now, October 20, 1982, it is ordered and decreed that petitioner's appeal from the order of the Bureau of Traffic Safety suspending his operating privileges is hereby sustained.