Paul Patrick Lynch, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

616

Submitted on briefs May 9, 1985, to Judges DOYLE and COLINS, and Senior Judge BARBIERI, sitting as a panel of three.

*Dominick Motto, Chambers, Nicolls, Balph, Paul & Motto,* for appellant.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY JUDGE COLINS, September 12, 1985:

Paul Patrick Lynch (appellant) appeals from an order of the Court of Common Pleas of Lawrence County dismissing his appeal from the revocation of his operating privilege pursuant to Section 1575 of the Vehicle Code (Code), 75 Pa. C. S. §1575.

Section 1543 of the Code makes it a summary offense for a driver to drive a vehicle while his operating privilege is suspended. The penalty for a conviction of this offense is provided for at Section 1543(c) and reads in part:

(c) **Extending existing suspension or revocation.**—The department, upon receiving a certified record of the conviction of any person under this section upon a charge of driving a vehicle while the operating privilege was suspended, shall revoke such privilege for an additional period of six months. . . .

On February 3, 1983, appellant was cited for allowing a driver whose license had been suspended to operate his motor vehicle pursuant to Section 1575 of the Code which provides:

§1575. **Permitting violation of title.**

(a) **General rule.**—No person shall authorize or permit a motor vehicle owned by him or under his control to be driven in violation of any of the provisions of this title.

(b) **Penalty.**—Any person violating the provisions of subsection (a) is guilty of the same offense as the driver of such vehicle and *subject to the same penalties including any suspension or revocation* of the operating privilege or the assessment of points. (Emphasis added.)

Appellant pleaded guilty to violating Section 1575 of the Code on February 16, 1983. The driver's oper-

ating privileges had been revoked for six months pursuant to §1543; therefore, the "piggy back" provision of §1575 mandates that appellant's operating privileges also be revoked for six months, even though he had no prior suspension. The Pennsylvania Department of Transportation (DOT) sent notice to appellant stating: "As a result of your conviction on February 16, 1983 of violating Section 1543 of the Vehicle Code, your operating privileges are being revoked by this Bureau for a period of six months."

A hearing was held in the Court of Common Pleas of Lawrence County without additional testimony taken, and on October 4, 1983, the appeal was dismissed and the revocation sustained. This appeal followed.

Appellant is contending that he was wrongfully charged under Section 1575 of the Code when he should have been charged with the more specific Section 1574 violation. Section 1574 provides:

§1574. **Permitting unauthorized person to drive**

(a) **General rule.**—No person shall authorize or permit a motor vehicle owned by him or under his control to be driven upon any highway by any person who is not authorized under this chapter or who is not licensed for the type or class of vehicle to be driven.

(b) **Penalty.**—Any person violating the provisions of subsection (a) is guilty of a summary offense and shall be jointly and severally liable with the driver for any damages caused by the negligence of such driver in operating the vehicle.

Appellant is also contending that the notice of revocation was defective because it informed him of a six

month revocation for a Section 1543 conviction and not for the section he was convicted for, Section 1575. In addition, appellant's operating privileges were never suspended; therefore, he maintains that the six month revocation should not stand because Section 1543 of the Code provides for revocation only for a subsequent offense if a person had an original period of suspension.

Appellant cites *Commonwealth v. Burkett*, 300 Pa. Superior Ct. 72, 445 A.2d 1304 (1982) in support of his contention that he should have been charged with the more specific statute, Section 1574. In *Burkett*, the defendant was appealing his criminal conviction for a Section 1575 violation. The Pennsylvania Superior Court sustained the appeal and reasoned, under a criminal law theory, that defendant should have been charged with the more specific statute, Section 1574.

The matter *sub judice* is an administrative appeal. Appellant pleaded guilty to a Section 1575 violation, and the appeal in question is one involving the revocation, which is civil in nature; therefore, appellant may not attack the underlying criminal conviction. *Department of Transportation, Bureau of Traffic Safety v. Seiscio*, 56 Pa. Commonwealth Ct. 45, 424 A.2d 566 (1981).

Appellant's contention that the notice was defective in referring to a Section 1543 conviction and not a Section 1575 conviction is without merit. He had notice of a Section 1575 violation when he received the citation, and, subsequently, he received the notice of revocation referring to a Section 1543 violation. Therefore, DOT's notice of revocation meets minimum due process requirements since it adequately informed him of the nature of the proceeding in question prior to revocation.

Appellant's final contention is also without merit. Section 1543 provides for an additional six month

revocation of the *driver's* operating privileges at the expiration of the prior period of suspension. The owner of the vehicle does not have to have a prior period of suspension in order to trigger Section 1575; therefore, the owner who permits another to drive in violation of the Code receives nothing more nor less than a six-month revocation.

Accordingly, we affirm.

### Order

AND NOW, September 12, 1985, the order of the Court of Common Pleas of Lawrence County, dated October 4, 1983, in the above-captioned matter, is hereby affirmed.

Judge BARRY did not participate in the decision in this case.

---

### Dissenting Opinion by Judge Doyle:

Regretfully, I must dissent. Nothing in the record shows, let alone proves, that the operating privileges *of the driver* of the vehicle were revoked for six months pursuant to Section 1543 of the Vehicle Code (Code), *as amended,* 75 Pa. C. S. §1543 (driving while under suspension). Because Appellant's conviction under Section 1575 of the Code, 75 Pa. C. S. §1575, carries with it as a penalty *the same* penalty as is imposed upon the driver of the vehicle, the Commonwealth must prove, as an element of its case, *the driver's* violation and conviction, as well as *the driver's* suspension or revocation penalty. How else could the same penalty be imposed upon Appellant?

There are three distinct subsections of Section 1543 and the Commonwealth has failed to establish of which subsection or subsections, if any, the driver of Appellant's vehicle stood convicted and which were applicable to that driver's license revocation. Under the provisions of Section 1543(c), a driver convicted

of driving while his license was only *suspended,* will have his license revoked for an additional *six months,* while a driver convicted of driving while his license was *revoked,* will have his license revoked for an additional *year.* Appellant, having pled guilty to violating Section 1575, is liable in this case for the driver's penalty under Section 1543, that being either a fine or a fine and mandatory imprisonment,[1] along with either a six month or one year revocation if the driver's conviction is proven. To provide this underlying requirement, the Commonwealth must present a certified record of conviction establishing *the driver's* conviction, in this instance, pursuant to Section 1543.

The only record evidence that the Commonwealth has produced to support its case is: a) Appellant's official notice of revocation, b) Appellant's citation for violating Section 1575, and, c) Appellant's driving record.[2] None of these prove the driver's original suspension or his conviction under Section 1543. The burden of proof is on the Commonwealth to prove each of the elements necessary to suspend or revoke an operator's driving privileges. *See Phillips v. Commonwealth,* 84 Pa. Commonwealth Ct. 217, 478 A.2d 958 (1984).

In the absence of such proof, I am compelled to dissent and must conclude that Appellant's objection is well taken.

---

[1] Section 1543(a) requires that any person convicted of driving while his license is suspended, revoked or recalled, shall be fined $200.00, unless he is guilty under Section 1543(b). Section 1543(b) requires that any person who drives when his or her operating privilege has been suspended or revoked as a condition of acceptance of ARD for a violation of §3731 (DUI), or because of a violation of §1547(b)(1) (refusal to take test) or a violation of §3731 (DUI), *shall* be fined $1,000.00 and be imprisoned for not less than ninety days.

[2] Both the citation for violating Section 1575 and Appellant's driving record mention the driver's suspension, but neither is tantamount to proving the driver's conviction.