539 A.2d 30

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* Lourene F. Morris, Appellee.

Submitted on briefs December 14, 1987, to President Judge CRUMLISH, JR., Judge DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*Christopher J. Clements,* Assistant Counsel, with him, *Harold H. Cramer,* Assistant Counsel, *Spencer A. Manthorpe,* Chief Counsel, *Morey Myers,* General Counsel, for appellant.

*Lourene F. Morris,* for herself.

OPINION BY SENIOR JUDGE KALISH, March 17, 1988:

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (DOT), appeals from an order of the Court of Common Pleas of Allegheny County which sustained the appeal of Lourene F. Morris (appellee) from a six-month revocation of her operating privileges. We reverse the court of common pleas and reinstate the suspension of appellee's operating privileges.

Appellee was convicted for a violation of section 1575 of the Vehicle Code, 75 Pa. C. S. §1575 (permitting violation of title). Appellee was cited for permitting her husband to drive her vehicle while knowing that her husband was under a suspension of his operating privileges for his conviction of driving under the influence. On the back of her citation, appellee pled guilty and paid the fine.

The trial court sustained appellee's appeal on the basis that appellee did not know that her husband was using her car. Appellee testified that she did not authorize her husband to use the car and did not know that he was using the car because she was physically present at the home of a girlfriend of hers on the night in question. The trial court held that since appellee did not "permit" her husband to use her car, she was "not guilty." By order dated February 27, 1986, the trial court sustained appellee's appeal.

Our scope of review in a driver's license suspension appeal is to determine whether findings of the trial

court are supported by competent evidence, whether there has been an erroneous conclusion of law, or whether the trial court's decision is a manifest abuse of discretion. *Schnitzer v. Commonwealth,* 85 Pa. Commonwealth Ct. 38, 480 A.2d 388 (1984). It has consistently been held that in such administrative proceedings for license suspensions, the trial court's inquiry is limited to determining whether the appellant has in fact been convicted of a traffic violation and whether DOT has faithfully observed the provisions of the Vehicle Code in suspending driving privileges. The trial court may not consider the question of whether appellant should have been convicted. *Department of Transportation, Bureau of Traffic Safety v. Schmidt,* 57 Pa. Commonwealth Ct. 318, 426 A.2d 1222 (1981).

This court has previously found appeals of this nature to be frivolous, as the law is clear that the underlying criminal conviction may not be challenged in a suspension appeal, which is civil in nature. *Department of Transporation, Bureau of Traffic Safety v. Seiscio,* 56 Pa. Commonwealth Ct. 45, 424 A.2d 566 (1981). For a trial court to sustain a suspension appeal based on such a challenge to the criminal conviction is clearly an error of law. *Department of Transportation, Bureau of Traffic Safety v. Brown,* 31 Pa. Commonwealth Ct. 620, 377 A.2d 1027 (1977). The issue is whether the licensee was convicted and not whether she should have been convicted. *Department of Transportation, Bureau of Traffic Safety v. Lea,* 34 Pa. Commonwealth Ct. 310, 384 A.2d 269 (1978).

Here, appellee pled guilty to a violation of section 1575 of the Vehicle Code, 75 Pa. C. S. §1575, and paid the fine. Her appeal to the trial court was a collateral attack on her conviction by way of a contention that she had not "permitted" her husband to use her vehicle. In sustaining her appeal on that ground, the trial court committed error.

Accordingly, we reverse the order of the trial court and reinstate the suspension of appellee's operating privileges pursuant to section 1543(c) of the Vehicle Code, *as amended,* 75 Pa. C. S. §1543(c).

ORDER

Now, March 17, 1988, the order of the Court of Common Pleas of Allegheny County, No. S. A. 861 of 1985, dated February 27, 1986, is reversed and the suspension of the operating privileges of Lourene F. Morris is hereby reinstated.