584 A.2d 394

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant,**

**v.**

**Conrad Edward WENIGER, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 24, 1990.

Decided Dec. 13, 1990.

Reargument Denied Jan. 30, 1991.

604

David R. White, Asst. Counsel, with him, Harold H. Cramer, Asst. Chief Counsel, and John L. Heaton, Chief Counsel, Harrisburg, for appellant.

Stephen E. Hall, Allen & Hall, Meadville, for appellee.

Before DOYLE and BYER, JJ., and BARRY, Senior Judge.

## OPINION

BARRY, Senior Judge.

The Department of Transportation, Bureau of Driver Licensing (DOT) appeals from an order of the Court of Common Pleas of Crawford County that sustained the appeal of Conrad Edward Weniger from DOT's suspension of his driver's license for six months pursuant to Section 1532(b)(2) of the Vehicle Code (Code), 75 Pa.C.S. § 1532(b)(2).

In April of 1982, Weniger was cited for a violation of Section 1501(a) of the Code, 75 Pa.C.S. § 1501(a), when an officer who stopped him for driving with one headlight discovered that his license had expired approximately one month earlier. Section 1501(a) requires any driver, unless expressly exempted, to have a valid license. At that time he paid a fine of $25.

In December of 1988, Weniger permitted his fifteen-year-old stepson to test drive a pickup truck on which the boy had been working, with Weniger as a passenger. A Pennsylvania state police officer stopped them and cited Weniger for violating Section 1575(a) of the Code, 75 Pa.C.S. § 1575(a), relating to permitting a violation of the Code. The violation that he had permitted was the stepson's violation of Section 1501(a). The next day Weniger appeared at the district justice's office and pleaded guilty to that charge, and he was fined $200. In March of 1989, DOT sent Weniger a notice that it was suspending his license for six months pursuant to Section 1532(b) of the Code, as a result of Weniger's conviction for violating Section 1501(a).

The basis for the six month suspension in 1989 is the "piggyback" penalty provision of Section 1575:

**(b) Penalty.**—Any person violating the provisions of subsection (a) is guilty of the same offense as the driver of such vehicle and subject to the same penalties including any suspension or revocation of the operating privilege or the assessment of points.

Section 1532(b), relating to suspension of operating privilege, provides in part:

(2) The department shall suspend the operating privilege of any driver for six months upon receiving a certified record of the driver's conviction of a subsequent offense under the following provisions:

Section 1501(a) (relating to drivers required to be licensed).

Thus, the piggyback provision of Section 1575 meant that Weniger was guilty of violating Section 1501, along with his stepson, and, because that was his second violation of Section 1501, Section 1532(b) directed that his license be suspended for six months.

Weniger appealed the license suspension to the Court of Common Pleas of Crawford County. At the hearing de novo before the court, DOT entered the certified documents relating to the convictions into evidence and then rested its case. Weniger testified on his own behalf, describing the circumstances of his citation and his plea, and emphasizing that neither the officer nor the district justice ever informed him that pleading guilty to a violation of § 1575(a) would expose him to the risk of suspension. Over DOT's objection, Weniger's counsel argued to the court that Weniger should have been charged under the more narrowly tailored Section 1574 of the Code, 75 Pa.C.S. § 1574, which prohibits an owner of a vehicle from permitting any person not authorized or properly licensed to drive that vehicle upon any highway. Section 1574 makes the owner of the vehicle jointly and severally liable with the driver for any damages caused by the driver's negligence, but it does not contain a piggyback provision making the owner also guilty of the offense that the driver commits.

The trial court sustained Weniger's appeal of the license suspension. The court acknowledged the repeatedly held rule that in a civil license suspension appeal a licensee may not collaterally attack the underlying criminal conviction. The court described the facts of the present case as being similar to those of *Lynch v. Commonwealth,* 91 Pa.Commonwealth Ct. 615, 498 A.2d 41 (1985). In *Lynch,* this Court held that, although the licensee should have been cited under Section 1574 of the Code for permitting a person with a suspended license to drive his vehicle rather than under Section 1575, the licensee could not collaterally attack the criminal conviction resulting from his guilty plea in the civil license suspension appeal. However, the trial court said that *Lynch* did not address the question of the duty of the police officer to notify the licensee of the consequences of the officer's exercise of discretion in citing him under one section rather than the other. The trial court said:

> We believe that the complexities of comparing the language of § 1574 and § 1575, tracing the penalties for each through § 1532(b)(2) and applying a former rather innocuous six and one-half year old prior conviction is quite above the ability of the average motorist. We believe the officer should have informed the Petitioner of this fact. Because so many citations are pled guilty to without the advice of counsel, when an officer has discretion to cite a defendant under two statutes that may be applicable and he chooses the one with the harsher sanction, he must give notice of this use of discretion to the driver in violation when the collateral sanctions are dramatically different.

> That failure by the officer to notify the Petitioner, coupled with the fact that the *prior* conviction relied upon by the Commonwealth to justify suspension under 75 Pa.C.S.A. § 1532(b)(2) was nearly seven years old, has, we believe, created a miscarriage of justice. The principles of fairness and equity dictate that we cannot affirm the suspension....

DOT frames the issues on this appeal as (1) whether a licensee may collaterally attack an underlying criminal conviction in the civil license suspension appeal, and (2) whether a time lapse between two convictions giving rise to a suspension may "vitiate" the suspension. Weniger says that the issues are (1) whether the suspension provisions of Section 1532(b)(2) are applicable to a violation of Section 1575, where the actual violator of the underlying Vehicle Code section would not have been subject to the suspension provisions (noting that this issue was raised below but the trial court did not expressly rule on it), and (2) whether due process prohibits a suspension under Section 1532(b)(2) where the licensee received no notice that pleading guilty to a violation of Section 1575(a) would result in a suspension.

DOT notes that this court has held that in a civil operating privilege suspension appeal, when the suspension is based on a licensee's convictions, the only proper inquiry is whether the licensee was convicted of the underlying offense and not whether he should have been convicted of it. *Department of Transportation, Bureau of Driver Licensing v. Barrett*, 117 Pa.Commonwealth Ct. 485, 543 A.2d 636 (1988) (quoting *Department of Transportation, Bureau of Driver Licensing v. Morris*, 114 Pa.Commonwealth Ct. 454, 456, 539 A.2d 30, 31 (1988)). That principle applies to a licensee's attempted challenge to the criminal conviction in the license suspension appeal, but it does not bar the licensee from challenging the propriety of the suspension actually imposed as a result of admitted convictions. If DOT, after receiving notice of two convictions for which a statute mandated a six month suspension, instead imposed a one year suspension, the licensee could challenge the propriety of the suspension imposed without attacking the validity of the underlying convictions.

Here, Weniger notes that Section 1575(b) provides that the person who permits a violation of the Code shall be "subject to the same penalties including any suspension or revocation of the operating privilege or the assessment of points" as the driver. Weniger contends that he may not be

subjected to suspension, because the person who committed the underlying offense was not subject to suspension. That aspect of Weniger's argument does not constitute an attack on the underlying conviction, but rather a challenge to DOT's application of suspension provisions of the Code. Weniger asserts that the intent of Section 1575(b) is to place the person permitting the violation in the shoes of the actual violator, and to subject the one permitting the violation to the same penalties, no less and no more. Because Section 1501 does not provide for a suspension as a penalty, but only a fine, Weniger contends that he was properly subjected to the $200 fine for which the actual violator would have been liable, but that he may not be suspended as well.

■ Weniger's interpretation of the effect of Section 1575(b) is not correct. It confuses the criminal penalties of the Code with the civil license suspension provisions. The *criminal* penalties imposed on Weniger were the judgment of guilt and the $200 fine *and nothing more.*

■ The suspension DOT imposed on Weniger was not a criminal penalty for his 1989 conviction of violating Section 1501(a). Rather, that suspension resulted from DOT's performing its civil administrative duty to suspend a licensee's operating privilege when it receives certified records of specified criminal convictions. DOT imposed the suspension not for the single conviction of violating Section 1501(a) in 1989, but because Weniger had accumulated two such convictions.

The situation is analogous to one involving assessment of points where the owner of a vehicle permitted another to use his vehicle to violate the Code. If the actual violator had a valid license and an otherwise clean record, and was assessed three points for his violation, he would not be subject to suspension under Section 1539 of the Code, 75 Pa.C.S. § 1539. However, if the person who owned or controlled the vehicle involved and, who permitted the violation to occur in violation of Section 1575(a), already had nine

points assessed against him, the owner would be subject to suspension for accumulating more than eleven points, under Section 1539(a).

■ The foregoing analysis responds to Weniger's due process argument as well. Weniger argues, as the trial court concluded, that due process required the police officer who originally cited him to inform him of the potentially more severe collateral consequences of a conviction under Section 1575 than under Section 1574.[1] He is not arguing that this asserted failure of due process should result in overturning his conviction—he acknowledges that such an argument clearly would be an impermissible collateral attack on the conviction in this civil administrative proceeding. Rather, Weniger contends that the failure of the authorities to provide him with notice of the harsher potential consequences of his being cited under Section 1575 should preclude the application of the suspension provisions of Section 1532(b)(2) in this case, despite his two convictions for violating Section 1501(a).

■ *Because* the license suspension imposed by DOT is "a consequence, civil in nature, whose imposition has been vested in an administrative agency over which the criminal judge had no control and for which he had no responsibility," *Brewster v. Department of Transportation*, 94 Pa. Commonwealth Ct. 277, 280, 503 A.2d 497, 498 (1986), the case law is clear that there is no duty on anyone involved in the criminal proceedings to inform a defendant of collateral civil consequences of his plea in a criminal proceeding. *See, e.g., Brewster* (no duty on trial court to inform defendant

---

1. The trial court concluded that the officer exercised discretion in charging Weniger under Section 1575 rather than Section 1574. However, *Commonwealth v. Burkett*, 300 Pa.Superior Ct. 72, 445 A.2d 1304 (1982), holds as a matter of criminal law that a person cannot be charged under the more general Section 1575 where the more specific provisions of Section 1574 are available and applicable. Nevertheless, as DOT notes, we have held that the preclusion against collateral attack on the criminal conviction in the civil license suspension proceedings applies even where the licensee would have a complete defense to the criminal charge. *Department of Transportation, Bureau of Driver Licensing v. Arnold*, 109 Pa.Commonwealth Ct. 45, 530 A.2d 980 (1987).

that his acceptance of Accelerated Rehabilitative Disposition for an offense would still count as a chargeable offense for purposes of the habitual offender statute); *Commonwealth v. Wellington,* 305 Pa.Superior Ct. 24, 451 A.2d 223 (1982) (no duty on trial court to inform resident alien defendant that plea of guilty to particular offense could subject her to deportation). If the plea itself may not be challenged on the basis of failure to inform of collateral consequences, then the imposition of one of those consequences (here, the six-month suspension under Section 1532(b)(2)) may not be challenged on that basis either. When a licensee becomes aware that he is going to lose driving privileges as a consequence of paying a fine on a traffic citation, his only remedy is to seek allowance of appeal nunc pro tunc from the summary conviction. *Department of Transportation, Bureau of Driver Licensing v. Ra,* 109 Pa.Commonwealth Ct. 279, 530 A.2d 1046 (1987).

■ Finally, DOT, responding to the trial court's reference to the fact that Weniger's original Section 1501(a) conviction was nearly seven years old, notes that this court has expressly held that the suspension provisions of Section 1532(b) are clear and unambiguous, and they demonstrate a legislative intent to place no time limit between convictions under Section 1501 for purposes of characterizing the later as a "subsequent offense" giving rise to a six-month suspension. *Bronchik v. Department of Transportation,* 101 Pa.Commonwealth Ct. 231, 515 A.2d 1045 (1986). DOT is correct; the trial court erred by considering the relative remoteness of Weniger's previous Section 1501 conviction.

Accordingly, we reverse the decision of the court of common pleas and order that the suspension of Weniger's driver's license pursuant to Section 1532(b)(2) of the Code be reinstated.

## ORDER

NOW, December 13, 1990, the order of the Court of Common Pleas of Crawford County, at A.D. 1989–367,

dated July 24, 1989, is reversed, and the suspension of the driver's license of Conrad Edward Weniger by the Department of Transportation is reinstated.