Marlyn Richard Levan, Petitioner v. Commonwealth of Pennsylvania, Pennsylvania Game Commission, Respondent.

Argued March 2, 1981, before Judges MENCER, ROGERS and PALLADINO, sitting as a panel of three.

*Joseph M. A. Nelabovige,* with him *Daryl F. Moyer, Joseph M. A. Nelabovige, Inc.,* for petitioner.

*Stuart M. Bliwas,* Assistant Attorney General, with him *Harvey Bartle, III,* Attorney General, for respondent.

OPINION BY JUDGE MENCER, May 29, 1981:

The hunting and trapping privileges of Marlyn Richard Levan (Levan) were revoked for the period of September 1, 1980 through August 31, 1982 by the Pennsylvania Game Commission, following two signed acknowledgments of guilt by Levan for violating Sections 501 and 704(a) of The Game Law (Game Law), Act of June 3, 1937, P.L. 1225, *as amended*, 34 P.S. §§1311.501, .704(a).[1]

---

[1] Section 501 makes it unlawful to kill an antlerless deer in closed season and Section 704(a) makes it unlawful to hunt for a wild animal from an automobile. Levan, on the morning of November 28, 1979, was driving his Ford Thunderbird automobile along a township road in Lynn Township, Lehigh County, looking for an antlered deer at which to shoot. Upon observing a deer, he stopped

Levan raises three issues in his appeal. First, he contends that the Game Commission violated the United States Constitution and the Pennsylvania Constitution by the action of Game Protector Warren Stump which induced him to sign "field receipts" by which he acknowledged his violations of the Game Law and paid fines of $250. Although Levan contends that Game Protector Stump demanded that he sign the field receipts and pay the fines, the written portion of each field receipt stating "I hereby of my own free will acknowledge violating the Game Law" belies this contention.

Although we can understand Levan's desire to advance this argument, without citation of authority, we must conclude that he may not collaterally attack his admitted violation of the Game Law in an appeal from an administrative action which resulted in a revocation of his hunting privileges. The challenge which he wishes to mount here should have been made directly against the charges of Game Law violations as to which he acknowledged his guilt. *See Department of Transportation, Bureau of Traffic Safety v. Grobes,* 45 Pa. Commonwealth Ct. 151, 405 A.2d 588 (1979).

Next, Levan asserts that the Game Commission violated its statutory authority or acted arbitrarily and capriciously and without authority of law when it revoked his hunting and trapping privileges. We rejected a similar argument in *Malishaucki v. Pennsylvania Game Commission,* 58 Pa. Commonwealth Ct. 354, 427 A.2d 787 (1981).

Although Levan was never given a hearing relative to his revocation, the last paragraph of each of the field receipts immediately above his signature

and got out of his vehicle and then shot the deer while standing on the roadway. When arriving at the location of the slain deer, he became aware that he had shot and killed two deer, an antlerless deer and a button buck.

reads: "The cash penalty paid may not be full satisfaction for the offense committed. The Game Commission, without a hearing, may revoke your hunter's license and deny you the privilege of hunting or trapping anywhere in the Commonwealth as provided under Section 315(a) [*sic*] of the Game Law."[2]

We deem that, when Levan signed the field receipts containing this language, he waived any right to a hearing prior to the revocation imposed by the Game Commission. Certainly, the Game Commission has explicit authority, by Section 315(1) of the Game Law, to revoke hunting and trapping privileges of individuals violating the Game Law.

Finally, Levan raises the question as to whether the Game Commission has violated or acted upon matters tainted by the violation of his Fifth Amendment rights protecting him against self-incrimination. We must conclude that, even if Levan was unfairly influenced to sign the field receipts, this would be in the nature of a defect in the determination of guilt relative to a violation of the Game Law, a criminal proceeding, and could not subsequently be attacked relative to a revocation of license privileges, which is civil in nature. *Department of Transportation, Bureau of Traffic Safety v. Lea,* 34 Pa. Commonwealth Ct. 310, 384 A.2d 269 (1978).

Accordingly, we make the following

ORDER

AND Now, this 29th day of May, 1981, the Pennsylvania Game Commission's June 4, 1980 revocation of the hunting and trapping privileges of Marlyn Richard Levan from September 1, 1980 through August 31, 1982 is hereby affirmed.

Judge WILKINSON, JR., did not participate in the decision in this case.

---

[2] The reference should be to Section 315(1) of the Game Law, 34 P.S. §1311.315(1).