John Harold Craft, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Game Commission, Respondent.

Submitted on briefs September 16, 1982, to Judges ROGERS, MACPHAIL and DOYLE, sitting as a panel of three.

*Ronald J. Susmarski,* with him *Stephanie Domitrovich, Susmarski Law Offices,* for petitioner.

*Stuart M. Bliwas,* Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, October 27, 1982:

John Harold Craft (Petitioner) seeks review of a revocation by the Pennsylvania Game Commission of his hunting and trapping privileges in the Commonwealth for a period of three years. We now affirm.

On December 11, 1979, Petitioner signed a "field receipt" by which he acknowledged a violation of Section 1207 of The Game Law, Act of June 3, 1937, P.L. 1225, *as amended,* 34 P.S. §1311.1207.[1] As a result of this acknowledgment of guilt, the Game Commission notified Petitioner on April 4, 1980, that his hunting and trapping privileges within the Commonwealth were revoked for a period of three years, beginning September 1, 1980. An appeal was taken to this Court from that order. On March 11, 1981, this Court[2] vacated that order and remanded the matter for further proceedings and the entry of a new decision consistent

---

[1] Petitioner was charged, under Section 1207, with interfering with a state officer in the performance of his duties. Factually, the Commission's evidence was that Petitioner pointed a loaded rifle at a Deputy Game Protector who, allegedly, had wrongfully confiscated a hunting rifle belonging to Petitioner's son.

[2] As per the Order of the Author of this Opinion.

with Chapter 5 of the Administrative Agency Law, 2 Pa. C. S. §§501-508. A hearing was held pursuant to this order on May 15, 1981, before a hearing examiner. As a result of this hearing, and in concurrence with the recommendations of the hearing examiner, the Executive Director of the Commission notified Petitioner that the three year revocation would remain as originally ordered. From this decision of the Executive Director, Petitioner now appeals.[3]

Petitioner has raised a variety of issues on this appeal. The bulk of these issues, regarding notification of penalties, probable cause for the search done by enforcement officers, voluntariness of Petitioner's signing his field acknowledgment of guilt and Petitioner's actual guilt or innocence, are matters concerning his criminal conviction and thus irrelevant in this civil action, as this Court specifically decided over a year ago. *See Levan v. Pennsylvania Game Commission*, 59 Pa. Commonwealth Ct. 348, 429 A.2d 1241 (1981); *Malishaucki v. Pennsylvania Game Commission*, 58 Pa. Commonwealth Ct. 354, 427 A.2d 787 (1981).

A number of other issues have also been raised by Petitioner. Petitioner contends that he was charged with violating Section 1207 of The Game Law and that under that charge the Commission has no authority to revoke his license. However, his privileges were not revoked under the criminal provisions of Section 1207; rather, the authority to revoke is found under the civil provisions of Section 315, 34 P.S. §1311.315, and under that section the Commission could revoke Petitioner's privileges in the present case.

---

[3] There is nothing in the record to indicate any further Commission action in this matter. The Commission apparently is relying upon 58 Pa. Code §145.7(a) as authorizing the Executive Director to issue final agency orders in these matters. The validity of 58 Pa. Code §145.7(a) has not been raised in the present appeal.

Petitioner also argues that the Commission failed to give him proper notice and a hearing prior to revocation, in contravention of the law. That problem, however, was rectified by this Court's prior order.

Finally, Petitioner contends he was not given a fair hearing and that the penalty imposed was excessive. He argues that the hearing officer was biased and that the three year penalty imposed after the hearing was unjust to him, a first time offender, since the Commission had originally given him the same three year penalty when it mistakenly was informed he was a repeat offender.

Regarding the charge of bias, there is a total absence of any evidence of such charges on the record certified to this Court. Petitioner's allusion to supposed discussions between the hearing office and other agency officials is outside the scope of the record and may not be considered on appeal. *See Glammer v. Unemployment Compensation Board of Review,* (No. 2916 C.D. 1980, filed August 12, 1982); *Ricciardi v. Workmen's Compensation Appeal Board,* 34 Pa. Commonwealth Ct. 316, 321, 383 A.2d 571 (1978).

Concerning the matter of the penalty imposed, the hearing officer, in his findings and recommendations, specifically noted the error in charging Petitioner as a repeat offender and yet still believed a three year penalty was proper in light of the seriousness of the charged violation. Furthermore, we have recently held that where there is substantial evidence in the record to support the crucial issue in a case,[4] an agency would not per se abuse its discretion by the reimposition of a previously vacated penalty. *See Clark v. Pittsburgh Civil Service Commission,* (No. 1806 C.D. 1981, and filed August 12, 1982). We have re-

---

[4] Here, the Petitioner acknowledged his guilt to a charge of interfering with a state officer.

478

viewed the record in this case and finding substantial evidence, do not believe that a reimposition of the three year revocation is an abuse of discretion.

ORDER

The order of the Pennsylvania Game Commission, dated June 12, 1981, Docket No. R.R.-81-110, is hereby affirmed.