Steve Wayne Bonham, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Game Commission, Respondent.

Submitted on briefs July 30, 1985, before Judges MACPHAIL, DOYLE and BARRY, sitting as a panel of three.

*Richard E. Freeburn, Rose, Schmidt, Chapman, Duff & Hasley,* for petitioner.

*Stuart M. Bliwas,* Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, December 27, 1985:

Steve Wayne Bonham (Petitioner) appeals from the decision of the Pennsylvania Game Commission (Commission) which revoked Petitioner's hunting and trapping license for a period of one year. On June 28, 1984, Petitioner received a citation for using a motor vehicle to hunt ground hogs, in violation of Section 704(f) of the Game Law,[1] 34 P.S. 1311.704(f). Petitioner was found guilty of the charge on July 31, 1984, and a prosecution report was forwarded to the Commission with recommendations that Petitioner's license not be revoked. Despite these recommendations, the Commission decided at their January 15, 1985 meeting to revoke Petitioner's license for a period of one year. Petitioner filed an administrative appeal, and a hearing was held on March 15, 1985, limited to the question of whether the penalty should be modified. At that time Petitioner presented evidence which attempted to show mitigating circumstances surrounding his offense. The hearing officer recommended that Petitioner's one-year revocation remain in effect, and this recommendation was adopted by the Executive Director of the Commission on March 18, 1985. After a petition for reconsideration was denied, Petitioner filed this present appeal with our Court.[2]

---

[1] Act of June 3, 1937, P.L. 1225, *as amended,* Section 704(f) states in pertinent part that:

It shall be unlawful to hunt for or pursue or to follow game of any kind with any vehicle, . . . or to use any vehicle . . . for the killing, wounding or catching of game of any kind. . . .

[2] Our scope of review of the decision of the Commission is limited to determining whether an error of law has been committed,

Section 315(3) of the Game Law[3] gives the Commission the statutory authority to revoke hunting licenses for a period of up to five years for a first conviction. Despite this authority, Petitioner argues that the Commission committed an abuse of discretion by failing to modify a one-year revocation in light of the significant mitigating factors presented. At the hearing, Petitioner explained that he is the caretaker of a large farm located near the field where he shot the ground hog. Petitioner first observed the ground hog while he was driving in his car. He did not have a gun at the time, but, since ground hogs are a nuisance to farmers and cause significant crop damage, he decided to return to shoot the animal with a gun obtained from his father-in-law's house. Since the Game Law allows farmers to kill ground hogs on their own cultivated fields,[4] Petitioner suggests that the violation here was minor and, in light of the fact that this was his first offense in sixteen years of hunting, it should not warrant so severe a penalty.

whether constitutional rights have been violated, and whether the findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704.

Previously, our review in cases involving the Commission was of the decision of the court of common pleas, since a former section of the Game Law provided for a de novo appeal to that court. Section 315(g) of the Game Law, formerly 34 P.S. §1311.315(6), repealed by Section 2(a) [1192] of the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202, as amended, 42 P.S. §20002(a) [1192]. See DeMarteleire v. Pennsylvania Game Commission, 68 Pa. Commonwealth Ct. 613, 449 A.2d 882 (1982).

[3] 34 P.S. §1311.315(3).

[4] Because groundhogs are such a gnawing problem for farmers, Section 703(e) of the Game Law permits:

That woodchucks, commonly called groundhogs, may be dug out of their dens or killed, in any manner, at any time, by landowners or occupants of farms, or by members of their family, or hired help, when such dens are located in their cultivated fields. . . .

34 P.S. §1311.703(e)..

We note that the seriousness of this offense is not diminished by the fact that ground hogs are a nuisance and may be exterminated under certain conditions. The offense here was not based on the fact that a ground hog was shot, but rather on the fact that the animal was shot from an automobile.[5]

The discretionary acts of an agency can be reversed only where it has acted in bad faith, fraudulently or capriciously or committed a manifest abuse of its power, *Karbeck v. Department of Transportation, Bureau of Traffic Safety,* 74 Pa. Commonwealth Ct. 300, 459 A.2d 908 (1983). Based upon the facts of this case, we cannot conclude that the refusal to modify the one-year suspension amounted to an abuse of discretion.

While we are aware of the hardship this revocation might place upon Petitioner in his capacity as caretaker of a large farm, we cannot substitute our own judgment for that of the Commission. The mere fact that this Court might have reached a different result is not sufficient to warrant the reversal of the administrative decision. *See Slania v. Sheppard,* 27 Pa. Commonwealth Ct. 376, 366 A.2d 963 (1976).

Accordingly, the order of the Commission revoking Petitioner's license is hereby affirmed.

### Order

Now, December 27, 1985, the order of the Pennsylvania Game Commission, dated April 2, 1985, is hereby affirmed.

---

[5] *See supra,* note 1.