531 A.2d 821

Paul C. Pfingstl, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Game Commission, Respondent.

Submitted on briefs January 12, 1987, to President Judge CRUMLISH, JR., Judge DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*John F. Goryl,* for petitioner.

*Stuart M. Bliwas,* Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE KALISH, September 29, 1987:

Petitioner, Paul C. Pfingstl, petitions for review of an order of the Executive Director of the Pennsylvania Game Commission upholding the Game Commission's (Commission) one-year revocation of his hunting license. We vacate the order of the Executive Director of the Game Commission, and reinstate the decision of the Commission.

On December 9, 1985, petitioner was cited and charged with possession of an antlerless deer taken in antlered deer season in violation of section 701 of the Game Law, Act of June 3, 1937, P.L. 1225, *as amended,* 34 P.S. §1311.701. Petitioner paid a fine of $200.00 and $25.00 costs to a District Justice. Subsequently, the Commission revoked petitioner's hunting license for a period of one year. Following an administrative hearing, the Executive Director of the Commission adopted the recommendation of the hearing officer and ordered that the revocation should stand as originally ordered.

Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704;

*Bonham v. Pennsylvania Game Commission,* 94 Pa. Commonwealth Ct. 14, 503 A.2d 76 (1985).

Petitioner contends that the Commission did not make any findings concerning mitigating circumstances. The Game Law does not provide for mandatory revocations of hunting privileges. Pursuant to the Game Law, the petitioner may offer evidence of mitigating circumstances. However, unlike the sentencing guidelines for the imposition of a penalty in felonies and misdemeanors, which require articulation upon the record of the reasons for the sentence, there is nothing in the Game Law which requires the Commission to record on the record its consideration of mitigating circumstances. The fact that this is petitioner's first offense in fifty years of hunting, and may have impelled another to reach a different result, is not sufficient to warrant the reversal of this administrative decision. *See Bonham.*

The proceeding by the Commission is a civil administrative proceeding relative to a revocation of his hunting privilege. *Malishaucki v. Pennsylvania Game Commission,* 58 Pa. Commonwealth Ct. 354, 427 A.2d 787 (1981). Petitioner's argument that he was misled into believing that he would only pay a fine upon acknowledgment of guilt cannot be raised collaterally in this administrative proceeding. This challenge should have been made directly against the charge of a Game Law violation as to which he acknowledged his guilt. *Malishaucki.*

Lastly, petitioner challenges the validity of 58 Pa. Code §145.7(a). He asserts that the provisions of 58 Pa. Code §145.7(a), which authorize the Executive Director of the Pennsylvania Game Commission to issue final agency orders, violate section 315(1) of the Game Law, 34 P.S. §1311.315(1), which requires that final orders be issued by the Commission.

Section 315(1) of the Game Law states:

The commission may revoke any license issued under this act and deny any person the right to secure a license or to hunt or trap anywhere in this Commonwealth with or without a license, if said licensee or person has either been convicted or signed an acknowledgment of violating any provision of this act, or if such person has been adjudged guilty, in the manner hereinafter provided, of any of the acts enumerated below, for such periods as hereinafter specified.

58 Pa. Code §145.7(a), titled Decision of the Director or Commission, provides:

Matters not previously acted upon by the Commission will be decided by the Director or, at the discretion of the Director, by the Commission. If a matter is decided by the Commission, action on such matter will be taken at a regular meeting or a special meeting of the Commission. The recommendation of the hearing officer on matters previously acted upon by the Commission will be reviewed by the Director or a designee.

Pursuant to section 315(1) of the Game Law, the Game Commission has final authority to revoke a hunting license. The Executive Director of the Game Commission is the Chief Administrative Officer of the Commission. Section 205 of the Game Law, 34 P.S. §1311.205. The Game Law contains no provision authorizing the Executive Director to review a Commission decision. Moreover, the final sentence of 58 Pa. Code §145.7(a) merely empowers the Executive Director to *review* the hearing officer's recommendation on matters previously acted on by the Commission. The authority to review a hearing officer's recommendation cannot be construed to authorize the Executive Direc-

tor to affirm or reverse a Commission decision to revoke a hunting license. Thus, we conclude that the Game Commission's procedure whereby the Executive Director issues a final order is unauthorized by statute or regulation.

Accordingly, we must vacate the order of the Executive Director of the Game Commission, and reinstate the decision of the Commission.

## ORDER

NOW, September 29, 1987, the order of the Executive Director of the Pennsylvania Game Commission, dated April 28, 1986, is vacated, and the decision of the Pennsylvania Game Commission is reinstated.