## Commonwealth v. Cook

*Brian Chudzik, assistant district attorney,* for the commonwealth.

*H. Robert Hampson,* for defendants.

WOLFE, *P.J.,* February 15, 1989 — Defendant has appealed his conviction in the District Justice Court for violation of section 2308(a)(7) of the Game and Wildlife Code, Act 1986-93, effective July 1, 1987 (34 Pa.C.S. §101).[*]

Because of the relatively new effective date implementing the act and the substantial amendments to the Game Law of 1937, as amended (34 Pa.C.S. §1311.1) and case interpretation theron, we

---

[*]The act repeals Act of June 3, 1937 (P.L. 1225) known as the Game Law, including amendments to Act 42 of 1985.

file this opinion on the charge against defendant in absence of previous interpretation of the section in which defendant was charged.

The facts giving rise to defendant's conviction are not in dispute. On December 13, 1988, which was the second day of doe season, defendant, accompanied by his wife, was traveling in his pick-up truck with cap thereon, on Route 6 in Brokenstraw Township of Warren County on defendant's way to meet a companion to hunt for the day. As defendant was traveling on this public road just west of the village of Youngsville, he observed two does in the field. Defendant pulled his vehicle off the road, exited therefrom, secured his rifle from the back of the truck and proceeded into the field a legal distance from the public road and killed one of the deer. The game protector, having been notified of this activity, came to the scene and arrested defendant by citation (non-traffic), charging:

"Unlawful methods and devices in that defendant did kill an anterless deer that was located from a vehicle along Mead Run Road."

Defendant was found guilty in the District Justice Court, fined $300 and costs and now appeals that decision. We reverse.

Section 2308(a) addresses unlawful devices and methods:

*"General Rule* — Except as otherwise provided in this title, it is unlawful for any person to hunt or take or aid, abet, assist or conspire to hunt or take game or wildlife through the use of:

"(7) a vehicle or conveyance of any kind or its attachment propelled by other than manpower. Nothing in this subsection shall pertain to any motor boat or sailboat if the motor has been completely shut off or sail furled, and the progress thereof has ceased."

It is the commonwealth's contention the mere fact of one traversing the public highways during deer season and intent upon hunting who is otherwise legally complying with the act is prohibited from stopping the vehicle and shooting game observed in plain view while traveling the highway. We conclude this is an illogical interpretation; the legislature did not intend such results. A review of the prior Game Law, *supra*, and case thereunder clearly comes to a contrary decision. The prior Game Law (34 P.S. 1311.704(f)) prohibited the use of crafts and vehicles as a method of lawful hunting in that:

"It shall be unlawful to hunt for or pursue or to follow game of any kind with any vehicle, or conveyance other than a boat as above, or to use any vehicle, or trailer, or part thereof, or its lights or equipment for the killing, wounding or catching or game of any kind, or to use any vehicle of trailer for the transportation of game illegally killed."

We have found but one case under the foregoing section, *Bonham v. Pennsylvania Game Commission*, 94 Pa. Commw. 14, 503 A.2d 76 (1985). Therein, defendant was convicted of shooting a groundhog that he observed while driving in his car. He did not have a gun at the time and thus returned to his father-in-law's house, secured his gun, drove into the field and killed the groundhog. For this his license was suspended for a period of one year, and the Commonwealth Court affirmed on the basis of the foregoing earlier act.

In this case sub judice, the citation as written charges defendant that he killed an anterless deer, "that was located" from a vehicle along Mead Run Road. The language used in the citation is not in the

statute. The commonwealth's contention is defendant "located" the deer from a vehicle and therefore violated the act.

Section 2308(7) prohibits the taking of game or wildlife through the *use of* a vehicle. There is no language or fair implication thereof under this statute that prohibits an otherwise legal hunter form exiting his vehicle to take game observed in plain view. The prohibition is "use of" a vehicle to take the game of wildlife, not a prohibition against traveling on a public road in a motor vehicle.

The intent of the legislature in our opinion was to prohibit the use of a vehicle to pursue game when the vehicle is compelled to leave the public way, thereby seeking out the game, and the taking thereof by an illegal method.

The Statutory Construction Act (1 Pa.C.S. §1921) is applicable instantly, particularly section 1922, Presumptions in Ascertaining Legislative Intent:

"In ascertaining the intent of the General Assembly in the enactment of a statute, the following presumptions, among others, may be used:

"(1) that the General Assembly does not intend a result that is absurd, impossible of execution or unreasonable."

Additionally, in section 1921(c), Matters Considered in Ascertaining Intent, when the words of a stature are not explicit, the intention of the General Assembly may be ascertained by considering, among other matters:

(1) The occasion and necessity of the statute.

(2) The circumstances under which it was enacted.

(3) The mischief to be remedied.

(4) The object to be attained.

(5) The former law, if any, including other statutes upon the same or similar subjects.

(6) The consequences of a particular interpretation.

(7) Contemporaneous legislative history.

(8) Legislative and administrative interpretations of such statutes.

By this conclusion we do not sanction in any degree the use of a vehicle to "locate" game or wildlife and pursue it by means of taking the game.

For these reasons we enter the following

## ORDER

And now, February 15, 1989, the conviction of defendant is reversed, defendant's bail is released, and defendant discharged from court.