## Tompkins v. VanOrden

C.P. of Centre County, no. 2000-2410.

*Joseph F. Orso III,* for plaintiffs.
*Mary Lou Maierhofer,* for defendants.

KISTLER, *J.,* July 8, 2003—Presently before the court for consideration is plaintiffs', Betsy and Howard Tompkins, motion in limine seeking to exclude from evidence a video surveillance tape produced by a private investigator hired by defendants.

## PROCEDURAL BACKGROUND

(1) On October 4, 2002, plaintiffs Betsy and Howard Tompkins initiated the instant civil action at law by filing a complaint against defendants in the Court of Common Pleas of Centre County.

(2) In the complaint, Betsy Tompkins is seeking damages for "severe personal injuries" suffered as a result of an automobile accident with a vehicle driven by William VanOrden Jr.

(3) On May 7, 2003, plaintiffs filed the instant motion in limine seeking to exclude, at trial, surveillance tapes of Betsy Tompkins produced by a private investigator.

(4) As argument has been heard and briefs have been received by both parties, the court is prepared to render its decision.

## CONCLUSIONS OF LAW

(1) " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of con-

sequence to the determination of the action more probable or less probable than it would be without the evidence." Pa.R.E. 401.

(2) All relevant evidence is admissible except as otherwise provided by law. Pa.R.E. 402.

(3) Clearly, a defendant's videotaped surveillance of a plaintiff, who claims to have been injured as a result of the defendant's negligence, is "relevant" to the subject matter of the lawsuit. *Dominick v. Hanson,* 753 A.2d 824 (Pa. Super. 2000).

## DISCUSSION

Plaintiffs maintain that the video surveillance tape made of Betsy Tompkins at her personal residence in Clinton County, Pennsylvania, must be excluded from evidence at trial on this matter. Plaintiffs contend that the private investigator, Brandon McHenry, who was hired by defendants, trespassed on plaintiffs' private property in order to produce this video surveillance tape. Plaintiffs request that this court "enter an order precluding the introduction of the surveillance tapes of plaintiff Betsy Tompkins at her residence and any testimony from the investigator and/or other expert witnesses regarding the contents of the videotapes." (Motion in limine, ¶7.) The court does not agree that exclusion of this videotape is required under current law.

Initially, there exist no constitutional barriers prohibiting the introduction of this video surveillance tape simply because the private detective may have been on private property. "The Fourth Amendment proscribes *only governmental action;* it is wholly inapplicable to a search

or seizure, even an unreasonable one, effected by a private individual not acting as an agent of the government or with the participation or knowledge of any governmental official." *Commonwealth v. Ellis,* 415 Pa. Super. 220, 223, 608 A.2d 1090, 1091 (1992). (emphasis added) The exclusionary rule does not apply to evidence obtained by a private citizen not acting on behalf of the government. *Commonwealth v. Dingfelt,* 227 Pa. Super. 380, 323 A.2d 145 (1974). Furthermore, Pennsylvania courts have consistently held that evidence, even if obtained in violation of a person's constitutional rights, is admissible in a proceeding that is civil in nature. See *Commonwealth ex rel. Young v. Young,* 213 Pa. Super. 515, 247 A.2d 659 (1968) (Evidence obtained by husband and private detective, as to wife's alleged adultery, even if obtained in violation of wife's constitutional rights, was admissible in support of husband's motion to vacate support order.); *Levan v. Commonwealth of Pennsylvania Game Commission,* 59 Pa. Commw. 348, 429 A.2d 1241 (1981). (Even if hunter was unfairly influenced in violation of his Fifth Amendment rights protecting him against self-incrimination . . . nature of defect would be in determination of guilt relative to violation of Game Law, criminal proceeding, and could not subsequently be attacked relative to revocation of licensed privileges, which is civil in nature.) It is undisputed that the private investigator in the instant matter was not acting on behalf of a government agency which would trigger the protections of the Fourth Amendment. Similarly, it is undisputed that the instant proceeding is civil in nature which negates the exclusion of evidence obtained in violation of another's constitutional rights.

Next, there are no statutory provisions enacted by the legislature prohibiting the introduction of this video surveillance tape simply because the private detective may have been on private property. The Pennsylvania Wiretapping and Electronic Surveillance Act, 18 Pa.C.S. §5701 et seq., does provide a statutory exclusionary rule for any proceeding where a violation of this Act is present. See 18 Pa.C.S. §5721.1(b). However, plaintiff does not assert that the private detective's actions violated the Act, nor are the provisions of the Act applicable in the instant matter. The Act proscribes intercepting ... any wire, electronic, or oral communication. 18 Pa.C.S. §5703(1-3). The videotape surveillance in the instant matter did not intercept wire, electronic, or oral communications of Betsy Tompkins.

Finally, plaintiffs have failed to cite any common law in support of their contentions. The court notes that plaintiffs have failed to provide any case law in their brief holding that the arguments presented have any bearing on the admissibility of evidence.

For these reasons, the court determines that the video surveillance tape is admissible at trial on this matter and plaintiffs' motion in limine must be denied. Clearly, a defendant's videotaped surveillance of a plaintiff, who claims to have been injured as a result of the defendant's negligence, is "relevant" to the subject matter of the lawsuit. *Hanson,* 753 A.2d 824 (Pa. Super. 2000). The arguments presented by plaintiffs may be the basis for a possible separate civil action for invasion of privacy against the private detective but they do not provide guidance as to the admissibility of such evidence at a civil trial for damages as a result of personal injury.

358

## ORDER

And now, July 8, 2003, after hearing oral argument and considering briefs filed by both parties, it is the order of this court that plaintiffs', Betsy Tompkins and Harold Tompkins, motion in limine is hereby denied.