IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael J. Murnin, III,                          :
                  Petitioner                 :
                                    :
            v.                          :
                                      :
Pennsylvania Game Commission,          :          No. 325 C.D. 2020
                  Respondent                :          Submitted: December 8, 2020


BEFORE:    HONORABLE ANNE E. COVEY, Judge
                 HONORABLE MICHAEL H. WOJCIK, Judge
                 HONORABLE ELLEN CEISLER, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                   FILED: January 11, 2021


          Michael J. Murnin, III (Murnin) appeals from the Commonwealth of Pennsylvania, Pennsylvania Game Commission's (Commission) February 26, 2020 Final Order affirming the Commission's August 3, 2018 one-year revocation of his hunting/furtaking privileges. Murnin presents two issues for this Court's review: (1) whether the Commission abused its discretion because the February 26, 2020 Final Order was not supported by substantial evidence; and (2) whether the Commission violated due process by failing to separate its prosecutorial and adjudicatory functions. After review, this Court affirms.

          On December 22, 2017, Murnin was coyote hunting with four hunting dogs. One or all of the dogs were equipped with monitoring devices and began to track a coyote. After several hours, one or several of the dogs tracked, then pinned, an injured coyote on a guardrail adjacent to State Highway Route 170 in Clinton Township, Wayne County. When Murnin and his dogs caught up with the coyote, the coyote was immobile along the side of the highway, within a safety zone of at

least one residence. Murnin euthanized the injured coyote with a lawfully possessed, pistol-type firearm while he was standing on the roadway.

Thereafter, State Game Warden Frank J. Dooley cited Murnin for the following violations: Unlawful Shooting On or Across a Highway,[1] Citation No. 819089 (Shooting On or Across a Highway); and hunting by Use of Vehicle or Conveyance Propelled by Other than Manpower,[2] Citation No. 819086 (Use of a Vehicle). On July 23, 2018, a Magisterial District Judge (MDJ) found Murnin guilty of Shooting On or Across a Highway and not guilty of hunting by Use of a Vehicle, and fined Murnin a total of $300.00, plus court costs. By August 3, 2018 letter, the Commission notified Murnin of the one-year revocation of his privilege to secure a license or to hunt or take game or wildlife anywhere in the Commonwealth, with or without a license, for a period of one year beginning July 1, 2019.

Murnin timely requested a hearing concerning his license revocation. A Hearing Officer held a hearing on November 8, 2018. On November 9, 2018, the Hearing Officer recommended that the Commission's revocation of Murnin's

---

[1] Section 2504(a) of the Game and Wildlife Code provides:

> It is unlawful for any person to shoot at any game or wildlife while it is on a public highway or on a highway open to use or used by the public or to shoot across a public highway or a highway or roadway open to use or used by the public unless the line of fire is high enough above the elevation of the highway to preclude any danger to the users of the highway. It shall be unlawful for any person, after alighting from a motor vehicle being driven on or stopped on or along a public highway or road open to public travel, to shoot at any wild bird or wild animal while the person doing the shooting is within 25 yards of the traveled portion of the public highway or road open to public travel.

34 Pa.C.S § 2504(a).

[2] Section 2308(a)(7) of the Game and Wildlife Code prohibits the hunting of game or wildlife through the use of "[a] vehicle or conveyance of any kind or its attachment propelled by other than manpower." 34 Pa.C.S § 2308(a)(7).

hunting and furtaking privileges be rescinded. On November 16, 2018, the Commission's Executive Director (Executive Director) issued a Final Order notifying Murnin that the Commission did not concur with the Hearing Officer's recommendation, and that its August 3, 2018 license revocation remained as ordered. On December 17, 2018, Murnin appealed to this Court from the Commission's November 16, 2018 Final Order. On January 29, 2019, the Commission filed its opinion in support of its November 16, 2018 Final Order (January 29, 2019 Opinion).

On February 6, 2020, after full consideration of the issues presented, this Court remanded the matter to the Commission to clarify the basis for Murnin's license revocation because it was unclear from the Commission's January 29, 2019 Opinion whether the Executive Director's departure from the Hearing Officer's recommendation was based on hearsay evidence.[3] *See Murnin v. Pa. Game Comm'n* (Pa. Cmwlth. No. 1646 C.D. 2018, filed February 6, 2020) (*Murnin I*). In the Commission's February 26, 2020 Final Order, the Executive Director clarified:

> [T]he above-referenced hearsay evidence was not the factor that caused my departure from [the] Hearing Officer['s] [] recommendation. Rather, that evidence served only as further illustrative evidence of [Murnin's] poor judgment during the events occurring on December 22, 2017. My primary concern in this matter was and remains the safety of the general public.

February 26, 2020 Final Order at 1. Murnin appealed from the Commission's February 26, 2020 Final Order to this Court.[4]

---

[3] The hearsay evidence was the Prosecution Report, which was admitted into the record over Murnin's hearsay objection.

[4] "Our scope of review is limited to determining whether an error of law was committed, whether constitutional rights were violated or whether necessary findings of fact are supported by substantial evidence." *Buoncuore v. Pa. Game Comm'n*, 777 A.2d 1222, 1224 n.7 (Pa. Cmwlth. 2001).

3

Initially, Section 929(a) of the Game and Wildlife Code (Code) provides, in relevant part:

> [A]ny hunting or furtaking license . . . granted under the authority of [the Code] **may be** denied, **revoked** or suspended by the [C]ommission when the holder of the license . . . is convicted of an offense under [the Code] or has acted contrary to the intent of the registration or permit[.]

34 Pa.C.S. § 929(a) (emphasis added). Further, Section 2741(b) of the Code specifies:

> In addition to any penalty and costs imposed by [the Code], the [C]ommission **may revoke** any hunting or furtaking license and deny any person the privilege to secure a license or to hunt or take furbearers anywhere in this Commonwealth, with or without a license, . . . if the licensee or person:
>
> (1) Has [] been convicted . . . of violating any of the provisions of [the Code] for such periods as are specified in this subchapter.

34 Pa.C.S. § 2741(b) (emphasis added). Finally, Section 2742(a) of the Code prescribes a revocation period:

> [F]or the first offense any person convicted . . . of violating any of the provisions of [the Code] **may be denied** the privilege to hunt or take wildlife anywhere in this Commonwealth, with or without a license, for a period not to exceed three years as the [C]ommission determines.

34 Pa.C.S. § 2742(a) (emphasis added).

Here, Murnin was convicted of Shooting On or Across a Highway. Although the Hearing Officer recommended rescinding Murnin's one-year license revocation based on mitigating circumstances, he opined: "In consideration of the evidence presented and arguments made by the parties, this [H]earing [O]fficer agrees that the underlying violation is serious in nature, involves a serious safety

4

violation and a [license] revocation is authorized and typically warranted." Hearing Officer Recommendation at 5.

With respect to the above-quoted statement, the Executive Director declared in the Commission's February 26, 2020 Final Order:

> I was and remain in full concurrence with [the] Hearing Officer [] in this regard. However, I continue to find that the gravity of [Murnin's] poor choices and the significance of the risks that [he] created to the general public on that day outweigh the mitigating evidence presented in this case. As such, I do not and cannot concur with [the] Hearing Officer [] that rescission of the Commission's revocation of [Murnin's] hunting/furtaking privileges is warranted.

February 26, 2020 Final Order at 1. This Court acknowledges that Murnin's conviction alone constitutes substantial evidence to support the Commission's February 26, 2020 Final Order. *See* 34 Pa.C.S. §§ 929(a), 2741(b), 2742(a).

Murnin first argues that the February 26, 2020 Final Order is as much an abuse of discretion as the Commission's November 16, 2018 Final Order, in that it is still unsupported by record evidence. Murnin contends the February 26, 2020 Final Order ignores this Court's Order to re-examine the circumstances consistent with the fact that the underlying act was a merciful act intended to euthanize a suffering animal. Murnin further asserts that the Executive Director removed the troublesome language evidencing the Commission's original reasoning and replaced it with a statement that he weighed the reasons differently than the Hearing Officer. Murnin thus asserts: (1) the language adjustment of the February 26, 2020 Final Order is to conceal the reasoning underpinning its logic; (2) the Executive Director merely rearranged the words on the page; and (3) the decision's reasoning remains the same.

5

The Commission rejoins that Murnin fails to recognize the legal significance of his conviction for Shooting On or Across a Highway. The Commission contends that Murnin compounds this error by seemingly ignoring the fact that this Court has already determined that Murnin's conviction alone constitutes substantial evidence to support the Commission's Final Order. The Commission maintains that the only remaining issue to be addressed is what basis the Commission used for Murnin's license revocation. The Commission concludes that the record evidence establishes that public safety, not the contents of the Prosecution Report, is and has always been the basis of the Commission's decision to revoke Murnin's hunting/furtaking privileges.

Preliminarily, this Court notes that Murnin confuses the Concurring Opinion with the Majority Opinion in this Court's prior decision. It was the Concurrence that stated: "I submit that these cases compel the careful consideration of circumstances to determine if they reflect an intent to prevent seriously injured animals from the 'agony of slow death.'" *Murnin*, slip op. at 4 (McCullough, J., concurring). However, the Concurrence acknowledged:

> I am fully aware that **any attempt by Murnin to raise the argument here would amount to an unauthorized collateral attack on his underlying conviction**, *see Levan v. [Pa.] Game Comm['n]*, 429 A.2d 1241 (Pa. Cmwlth. 1981), I nevertheless offer my view, lest this case be consulted in the future, that, consistent with prior precedent, Murnin was not engaged in the conduct that [S]ection 2504 of the Code was designed to prohibit.

*Murnin I*, slip op. at 1-2 (McCullough, J., concurring) (emphasis added). Accordingly, because the Commission was not required to re-examine the circumstances consistent with the fact that the underlying act was a merciful act intended to euthanize a suffering animal, the Commission did not abuse its discretion by not doing so.

Concerning Murnin's assertion that the Executive Director's omission of the hearsay evidence references did not change the Commission's reasoning, Murnin misconstrues this Court's prior decision. This Court did not declare that the Commission abused its discretion by relying on hearsay evidence. Rather, because it was "unclear" whether the November 16, 2018 Final Order was based on hearsay evidence, this Court remanded the matter to the Commission "to clarify the basis for Murnin's license revocation." *Murnin I*, slip op. at 6.

In response thereto, the Executive Director declared:

> [T]he Court sought clarification as to whether my January 29, 2019 Opinion in Support of [the Final] Order departed from the Hearing Officer['s] . . . recommendation based upon certain hearsay evidence contained within the Commission's administrative record. I can confirm that the above-referenced hearsay evidence was not the factor that caused my departure from [the] Hearing Officer['s] recommendation.

February 26, 2020 Final Order at 1.

The Executive Director expounded:

> On June 21, 2018, [an MDJ] . . . convicted [Murnin] of violating [Section] 2504(a) [of the Code] (relating to shooting on or across highways). On November 8, 2018, [Murnin] provided testimony highlighting that this violation occurred along State Highway Route 170, a heavily trafficked highway. [Murnin] further clarified that [he] killed the injured coyote while [he was] standing on the active roadway. [Murnin] then later confirmed that '[a]t the time - [he] underst[oo]d that it wasn't the right thing to do.' Additionally, [Murnin is] not an individual authorized by law to euthanize critically injured wildlife under [Section] 2307 (d) and (f) [of the Code]. Simply put, in my discretion as Executive Director I find that [Murnin's] actions on December 22, 2017 created an unreasonable and substantial risk of harm to the general public that warrants revocation of [his] hunting/furtaking privileges.

7

February 26, 2020 Final Order at 2.

This Court is satisfied that the Commission's February 26, 2020 Final Order is not based on hearsay evidence. Accordingly, because the conviction alone supports the license revocation, substantial evidence supports the Commission's February 26, 2020 Final Order.

Murnin next argues that the Commission's February 26, 2020 Final Order is the result of the commingling of both the Commission's prosecutorial and investigatory functions. *See Lyness v. State Bd. of Med.*, 605 A.2d 1204 (Pa. 1992). Murnin contends that the Executive Director is responsible for all of the Commission's functions, and as a human being, he is unable to remove himself completely from one function in order to step into the other. Murnin declares that the Executive Director extended himself to overrule the impartial Hearing Officer's findings and recommendations based on public safety, and clearly exercised a prosecutorial role at the expense of the abundant mitigating evidence the Hearing Officer found in the adjudicatory process he was also tasked with overseeing. Murnin thus concludes that such commingling: (1) creates an appearance of impropriety; (2) results in a violation of the norms of due process; and (3) undermines public confidence in the integrity of the Commission's administrative adjudications.

The Commission rejoins that Murnin waived this issue because he did not present or preserve the issue during the administrative proceeding before the Commission; and the law and the facts do not support a due process violation as it relates to the revocation of hunting/furtaking license privileges.

Relative to waiver, this Court has long held: "Our Supreme Court and this [C]ourt have both concluded that a constitutional challenge to agency proceedings must be timely raised and preserved for purposes of appellate review." *McGrath v. State Bd. of Dentistry*, 632 A.2d 1027, 1031 (Pa. Cmwlth. 1993). Here,

Murnin raised the commingling-of-functions issue for the first time in his brief in support of his appeal after remand filed with this Court.[5] "Because [Murnin] did not raise his procedural due process argument before the [Commission], nor was he prevented from raising it there, he has waived the issue on appeal."[6] *Id.* at 1033.

For all of the above reasons, the Commission's February 26, 2020 Final Order is affirmed.

_____
ANNE E. COVEY, Judge

---

[5] Indeed, Murnin did not raise the commingling-of-functions issue in his brief to this Court in his first appeal. *See Murnin I*.

[6] Notwithstanding, the Pennsylvania Supreme Court has held that "hunting is not a property or liberty interest to which the full panoply of [*Lyness*] due process protections attach." *Pa. Game Comm'n v. Marich*, 666 A.2d 253, 257 (Pa. 1995).

Michael J. Murnin, III,         :
          Petitioner       :
                                :
        v.                 :
                                :
Pennsylvania Game Commission,  :   No. 325 C.D. 2020
         Respondent     :

## O R D E R

AND NOW, this 11th day of January, 2021, the Commonwealth of Pennsylvania, Pennsylvania Game Commission's February 26, 2020 Final Order is affirmed.

_____
ANNE E. COVEY, Judge